IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COMPRESSION LABS, § | |
| INCORPORATED § | |
| § | |
| VS. § | Civil Case No. 2:04-CV-159 (Ward) |
| § | |
| 1. DELL INC. § | |
| 2. INTERNATIONAL BUSINESS § | |
|    MACHINES CORP. § | |
| 3. TOSHIBA AMERICA, INC. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION TO
<u>TRANSFER TO JUDGE FOLSOM</u>**

Plaintiff Compression Labs, Inc. (hereinafter "CLI") files this response to Defendants' Joint Motion to Transfer to Judge Folsom and in support thereof shows the following:

**I.  Introduction**

Relying upon case law from the first-to-file context and claims of judicial economy, Defendants urge the Court to transfer the present action to Judge Folsom for consolidation with an admittedly related case in which this Court recused. However, viewed in the context of Defendants' recent actions in this District and in Delaware, Defendants' motion to transfer shows itself for what it really is: the first step in a calculated ploy to escape this District entirely and deprive CLI of its choice of forum, a ploy which Defendants concealed from this Court in its motion to transfer to Judge Folsom. While styled and argued as a first-to-file motion to transfer, Defendants' request appears more appropriately a request for consolidation pursuant to FED. R. CIV. P. 42(a), Local Rule 42 (b) and (c), and 28 U.S.C. § 137. Accordingly, the decision to consolidate these actions is wholly with this Court's discretion. As explained herein, legitimate reasons exist for why these two related cases were filed separately and, moreover, why they should remain separate and Defendants' motion denied.

## II.     Factual Background

On April 22, 2004, CLI filed two lawsuits alleging infringement of U.S. Patent No. 4,698,672 (the "'672 patent") against two separate groups of defendants.[1] These suits were assigned case numbers 2:04-CV-158 and 2:04-CV-159 and both were assigned to Judge T. John Ward. At Defendants' request, CLI agreed to an extension of time for Defendants to answer of approximately 50 days to July 6, 2004.

On May 25th, Judge Ward recused himself on No. 2:04-CV-158 which was subsequently assigned to Judge Folsom. (Dkt. # 25). Thereafter, on June 29th, Defendants filed the present motion to reassign this case to Judge Folsom for consolidation with No. 2:04-CV-158, without revealing to this Court their true intentions. Just three days after filing the present motion to reassign this case to Judge Folsom, on July 2nd, the defendants' true intentions were revealed when all of the defendants in this action, and all but six of the 27 defendants in the action pending before Judge Folsom, commenced a calculated plan to avoid this District entirely. On that date, these defendants filed a declaratory judgment suit in the United States District Court for the District of Delaware seeking a declaration that the '672 patent is not infringed or invalid.[2] (*See* attached Exhibit 1). In lieu of an answer, on July 6th, Defendants filed a motion to dismiss this case for CLI's alleged failure to join an indispensable party. (Dkt. # 19). On that same date, the defendants before Judge Folsom filed a similar motion in lieu of an answer; however, in the alternative, the defendants also asked Judge Folsom to transfer the case to the District of Delaware pursuant to 28 U.S.C. § 1404(a), citing

---

1 Originally named defendant Adobe Systems, Inc. settled with CLI, and on June 21, 2004, CLI filed an amended complaint dropping Adobe as a defendant in the suit before Judge Folsom.

2 All defendants from both suits joined as plaintiffs in the Delaware suit except Concord Camera, Creative Labs, Kyocera Wireless, Onyko, Panasonic Communications and Panasonic Mobile Communications.  Of these defendants who are not plaintiffs, all of them named in the case before Judge Folsom, except Onyko, joined in the motion to dismiss and in requesting transfer. Creative and Concord filed separate motions to transfer. (*See* Exhibit 2).

what they called the earlier filed Delaware declaratory judgment action, despite such Delaware action being filed 71 days after CLI commenced litigation against these defendants in this District. (Def. Mo. To Dismiss or Transfer at 2, 19-22, attached hereto as Exhibit 2).[3]

Jenkens & Gilchrist appears as attorneys for CLI in both suits. Mr. Carl Roth appears as an attorney for CLI only in No. 2:04-CV-158 (Folsom). CLI chose to file these two actions separately because of potential conflict issues for Mr. Roth. Mr. Roth has worked previously with personnel now associated with CLI in other litigation. Accordingly, when CLI decided to file suit in the Eastern District of Texas it sought out Mr. Roth as their counsel. However, because of current representation of IBM, Dell and Toshiba in other litigation, Mr. Roth could not appear on behalf of CLI in a single suit that would put him adverse to these parties. Thus, rather than abandon its choice of counsel, CLI elected to file two separate law suits: one including Mr. Roth as counsel and one excluding Mr. Roth against the parties he currently represents in other matters.[4]

### III.   Argument

Defendants urge the Court to transfer this case to Judge Folsom for consolidation with the related case relying on principles of comity from the first-to-file context and the cause of judicial

---

3 Defendants' proffered basis for the Delaware action and their motions to dismiss is an alleged failure by CLI to name General Instrument Corp. as a plaintiff. General Instrument is a co-owner of the '672 patent. However, as CLI will explain in response to the motions to dismiss, CLI owns the sole right to enforce and license the '672 patent in the JPEG field of use, making General Instrument's joinder unnecessary.

4 Since the filing of this suit, Mr. Roth has sought to withdraw from his representation IBM, Dell, and Toshiba by moving to withdraw from cases wherein he represented these parties. To date, such motions have not been granted. However, in responses to Mr. Roth's motions, both IBM and Dell have advised the Court that such withdrawal will not, in their view, prejudice their rights to seek disqualification of Mr. Roth in matters that are adverse to IBM and Dell. (*See* Dft. Resp. to Mo. To Withdraw, attached hereto as Exhibit 3). As a result, the consolidation of this action with the case before Judge Folsom will confront the very adversity referred to in IBM and Dell's response to Mr. Roth's withdrawal motions, i.e., the presence of IBM and Dell, as well as former client Toshiba, in the action pending in Judge Folsom's court where Mr. Roth is co-counsel for CLI.

economy. However, as shown by Defendants' actions in Delaware and the case before Judge Folsom, Defendants' motion to transfer seeks to serve far greater strategic ends. Defendants' litigation objective is not to conserve judicial resources but to escape CLI's choice of forum by multiplying the present proceedings in the District of Delaware. If granted, Defendants' motion would deprive CLI of its forum choice, impair the value and effectiveness of CLI's patent rights by delaying resolution of this controversy, and create the risk of a challenge to and potential for disqualification of one of CLI's attorneys that would not otherwise exist in the action pending in Judge Folsom's court. In short, Defendants' scheme to evade this District and CLI's choice of forum will proceed in full gear. As an issue of consolidation, it is within the Court's discretion to decide Defendants' motion considering all the circumstances surrounding this case and the impact of a decision on CLI. In view of all the facts, Defendants' motion should be denied.

    **A. The decision to consolidate these cases before Judge Folsom is wholly within the Court's discretion.**

At page 4 of their motion, Defendants rely upon *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-52 (5th Cir. 1997), to argue that the Fifth Circuit has held that a motion to transfer to another judge within the same division should be granted where there is a substantial overlap of issues with a previously filed action. However, *Save Power Ltd.*, as part of the progeny of *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971), addressed a very different situation from that presented here. *Save Power Ltd.* involved serial suits filed by various creditors seeking to establish priority rights in a debtor's assets. 121 F.3d at 949. In the first action, Riddell and Pursuit filed a state court suit against Save Power that was removed to the United States District Court for the Northern District of Texas, Fort Worth Division and assigned to Judge Means. *Id.* About a month later, Save Power filed a second action in the Fort Worth Division against Syntek involving

financing related to the earlier suit. *Id*. That suit was assigned to Judge McBride. *Id*. Under those circumstances, applying first-to-file principles from *Mann Manufacturing*, the Fifth Circuit held the cases should be consolidated before the judge first seized of the controversy.[5]

In this case, CLI filed its two patent actions simultaneously in the Marshall Division. Both cases were initially assigned to the same judge. Only after this Court's recusal was one of the cases assigned to Judge Folsom. Thus, this Court was the "first seized of the issues" brought by CLI. *Mann Mfg., Inc.*, 439 F.2d at 408. Therefore, this Court "has the prerogative" of keeping this action or consolidating both suits before Judge Folsom. Local Rule 42(c); *see also* Fed. R. Civ. P. 42(a); 28 U.S.C. § 137. Because Defendants seek consolidation as part of a larger scheme to avoid this District entirely, and because any consolidation would have a disproportionately unfair effect on CLI, the Court should not consolidate these two actions.

**B. Defendants' request for reassignment to Judge Folsom is simply the first step in a larger heretofore concealed attempt to escape CLI's choice of forum.**

Three days after asking under the pretext of judicial economy that this Court reassign the present action to Judge Folsom for consolidation with No. 2:04-CV-158, the defendants in this case and those before Judge Folsom joined as plaintiffs to sue CLI for declaratory judgment in the

---

5 Defendants also rely upon *Datatreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591 (N.D. Tex. 2003), to support their motion. However, *Datatreasury*, much like *Save Power Ltd.*, involved related suits filed some six months apart in different districts and, thus, does little to support Defendants' argument in this case. Moreover, the magistrate in *Datatreasury* only granted the motion to transfer after determining that the plaintiff had refiled the lawsuit in an obvious attempt to obtain a more favorable forum. *See* 243 F.Supp. 2d at 595-596 (rejecting the plaintiff's argument that the lawsuit should remain in the same district where other lawsuits involving the same patent were pending, given plaintiff's "suspect" motives). Here, it is the Defendants who are trying to shop forums, not CLI.

District of Delaware on the same patent-in-suit.[6] (Exhibit 1). After filing their Delaware action, the defendants filed motions to dismiss based on an alleged failure to join an indispensable party in both cases pending in this District. (Dkt.# 19; Exhibit 2). In the case before Judge Folsom, the defendants also requested alternatively that should Judge Folsom not dismiss the action, he transfer the case to Delaware.

Defendants claim to have filed suit in Delaware to "remedy CLI's failure to name an indispensable party and vindicate their own rights." (Exhibit 2 at 2). While Defendants' claim that CLI has failed to name an indispensable party is mistaken,[7] even crediting Defendants' mistaken assumption solely for the sake of argument, only one reasonable explanation exists for why Defendants filed a separate suit in Delaware instead of simply moving to add the alleged absent indispensable party to this suit: Defendants prefer to litigate in Delaware. Defendants do much in their motions to dismiss to convince the Court, incorrectly, that General Instrument is a necessary party. (Exhibit 2 at 10-15). However, Defendants do little to explain why General Instrument, if necessary, cannot simply be added to this suit. (Exhibit 2 at 15). The reason for this short treatment is Defendants' calculated effort to deprive CLI of its choice of forum. Defendants' motion that this case be transferred to Judge Folsom is another step in their overall scheme.

As shown by their actions, Defendants are not so much interested in judicial economy. Consolidating CLI's cases will not likely reduce Defendants' cost to defend the suits, nor will maintaining separate suits prevent Defendants from entering into joint defense agreements to share the cost and effort of litigation. While CLI will have to maintain consistent positions in both actions,

---

6 *See* n. 2, *supra*.
7 *See* n. 3, *supra*.

Defendants are free to pursue disparate paths regardless whether the cases are consolidated or separate. *See Texas Instruments v. Linear Technologies Corp.*, 182 F. Supp. 2d 580, 585-86 (E.D. Tex. 2002) (recognizing that a plaintiff cannot collaterally estop an independent defendant from arguing a new claim construction). Should one case progress more rapidly than the other, one court will be able to consider the fungibility of any rulings by the other to avoid unnecessarily duplicating efforts. *See, e.g,* Order, *Datamize, Inc. v. Fidelity Brokerage Services, LLC,* No. 02:03-CV-321-DF, at *9-11 (E.D. Tex. April 4, 2004) (denying motion to transfer patent infringement case to the Northern District of California for consolidation with previously filed case involving related patent, where cases involved different parties and different products: "'[T]he decision of the California court in the previous action is readily available to this court (or vice versa) for consultation' if this Court or the Northern District of California determine a particular claim term should be construed consistently.") (quoting *Somafor v. Sofamor Danek Holdings, Inc. v. U.S. Surgical Corp.,* 49 U.S.P.Q. 2D (BNA) 2016, 1998 U.S. Dist. LEXIS 21746, at *11-12 (W.D. Tenn. 1998)) (attached hereto as Exhibit 4).

Consolidating these case will do little to aid judicial economy, and will further Defendants' goal of avoiding this District entirely. Furthermore, consolidation will impose an unfairly high burden on CLI.

**C. Consolidation will unfairly impact CLI**

Defendants' motion to transfer threatens to impact CLI in three significant ways. First, as described above, Defendants' motion, in conjunction with Defendants' motions to dismiss or transfer, threatens to deprive CLI of its choice of forum. *See Mohomed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 773 (E.D. Tex. 2000) (holding that plaintiff's choice of forum should not be disturbed unless the balance of convenience strongly tips in favor of defendants proposed forum).

Second, consolidating these actions before Judge Folsom will likely delay CLI's opportunity to obtain a verdict or settlement to vindicate its patent rights. As the Court is aware, Judge Folsom only holds a jury docket in the Marshall Division once every six months. CLI's '672 patent expires in October 2006. Thus, any delay in the setting of this case effectively erodes the usefulness of the injunctive remedies CLI seeks, diminishing CLI's rights under law to protect its patented technology from infringement and the value of its patent. Should Defendants be successful in their attempt to move these matters to Delaware, CLI will likely be prejudiced by even more delay.

Third, consolidating these actions before Judge Folsom could involve the risk of a time consuming, needless, and costly challenge to and the potential for possible disqualification of one of CLI's attorneys, which would not result otherwise but for the consolidation. CLI filed two actions for infringement of the '672 patent instead of just one to accommodate a potential conflict for one of its attorneys, Mr. Carl Roth. By seeking to consolidate what CLI sought expressly to litigate separately, the legitimate efforts of CLI to avoid the risks and delays of conflict challenges would be eroded entirely. Mr. Roth's prior clients have indicated that they do not agree that Mr. Roth may represent other clients in litigation adverse to them despite his withdrawal, and both IBM and Dell have expressly reserved their rights to seek to disqualify Mr. Roth from representation of parties adverse to IBM and Dell. (*See* Exhibit 3). Thus, it is reasonably foreseeable that they may move to disqualify Mr. Roth from representing CLI. Though Mr. Roth does not represent CLI in this suit, consolidation of the suits as Defendants request will almost certainly prompt Defendants to move for his disqualification, forcing CLI to incur significant delays and costs to defend a disqualification motion that might otherwise be avoidable. CLI should not be forced to defend unnecessarily its choice of counsel in the name of judicial economy, particularly when further delay and expense will result due to the articulated conflict challenge.

Accordingly, the injurious effects of consolidation to CLI outweigh what limited judicial economy consolidation may achieve.

## IV. Conclusion

Defendants' motion to transfer to Judge Folsom is motivated by a strategy minimally concerned with judicial economy or first-to-file principles of comity, and poses serious potential disadvantage to CLI. For these reasons, CLI respectfully requests that the Court exercise its discretion to maintain this case on its docket and deny Defendants' motion to transfer.

Respectfully submitted,

/s/ Stephen G. Rudisill (by permission Wesley Hill)
Stephen G. Rudisill (Attorney-in-charge)
Tex. Bar. No. 17376050
John C. Gatz
Ill. Bar No. 6237140
Russell J. Genet
Ill. Bar No. 6255982
Justin D. Swindells
Ill. Bar No. 6257291
JENKENS & GILCHRIST
225 West Washington St., Ste. 2600
Chicago, IL 60606
Tel: (312) 425-3900
Fax: (312) 425-3909
Email: srudisill@jenkens.com

OF COUNSEL:

Otis W. Carroll
Tex. Bar No. 03895700
Wesley Hill
Tex. Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: fedserv@icklaw.com

Franklin Jones, Jr.
Tex. Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

S. Calvin Capshaw
Tex. Bar No. 03783900
Elizabeth L. DeRieux
Tex. Bar. No. 05770585
BROWN McCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via electronic delivery or United States mail this 16th day of July, 2004.

/s/ Wesley Hill
Wesley Hill