IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COMPRESSION LABS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> 1. DELL INC., <br> 2. INTERNATIONAL BUSINESS MACHINES CORPORATION, <br> 3. TOSHIBA AMERICA, INC., <br><br> Defendants. | Civil Action <br> No. 2:04-CV-159-TJW <br> (Judge Ward) |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF
THEIR JOINT MOTION TO TRANSFER TO JUDGE FOLSOM**

Defendants Dell Inc. ("Dell"), International Business Machines Corporation ("IBM"), and Toshiba America, Inc. ("Toshiba") (collectively "Defendants") respectfully submit this joint reply in support of Defendants' Joint Motion to Transfer to Judge Folsom.

Plaintiff Compression Labs, Inc. ("CLI") fails to offer any reason why, in the interests of justice and judicial economy, this action should not be resolved in the same court and before the same judge as the related, virtually identical patent case, <u>Compression Labs, Inc. v. Adobe Systems, Inc. et al.</u>, Civil Action No. 2:04-CV-158 (the "<u>Adobe</u> Action"). Rather, CLI argues that this action should not be consolidated with the <u>Adobe</u> Action because consolidation would precipitate a conflict issue involving CLI's counsel in the <u>Adobe</u> Action and would deprive CLI of their choice of forum. Neither position has any merit. Defendants do not seek consolidation, only transfer, and the transfer sought is within this district and division, CLI's chosen forum.

**I.     TRANSFER TO JUDGE FOLSOM WOULD NOT IMPACT THE CONFLICT ISSUE CREATED BY CLI'S CHOICE OF COUNSEL.**

CLI opposes Defendants' motion to transfer on the ground that "consolidating these actions before Judge Folsom could involve the risk of a time consuming, needless, and costly challenge to and the potential for possible disqualification of one of CLI's attorneys [Carl Roth], which would not result otherwise but for the consolidation." (Resp. at 8 (emphasis added).) But, Defendants' motion does not seek consolidation. Thus, as CLI must concede, the conflict issue poses no impediment to Defendants' motion to transfer.[1]

Moreover, the specter of "a time consuming, needless, and costly challenge to and the potential for possible disqualification of one of CLI's attorneys" was created when Mr. Roth agreed to represent CLI in litigation adverse to Dell, IBM and Toshiba even though he was already representing Dell, IBM and Toshiba in other matters, not when Defendants moved to transfer to Judge Folsom. Simply put, Mr. Roth's conflict exists whether this case continues before this Court or Judge Folsom and is therefore irrelevant to the merits of Defendants' motion to transfer.

**II.    TRANSFER TO JUDGE FOLSOM WOULD NOT DEPRIVE CLI OF ITS CHOICE OF FORUM.**

Transfer of this case to Judge Folsom would not deprive CLI of its choice of forum because this case would remain in the same district and division. Nevertheless, CLI argues that Defendants' motion to transfer, "in conjunction with" the Adobe defendants' motion to dismiss or, alternatively, to transfer to Delaware, "threatens to deprive CLI of its choice of forum." (Resp. at 7.) CLI's position is illogical because Defendants in this case have not moved to transfer this case to Delaware, only to Judge Folsom in this district and division.

---

[1] Indeed, CLI did not object when the two actions were both initially assigned to Your Honor. The assignment of both actions to Judge Folsom should be equally unobjectionable.

2

It may well be that this dispute is ultimately litigated in Delaware, not Texas. But, if that is the case, it will be because CLI has failed to join the co-owner of the patent-in-suit as a party to this action, not because this action was transferred to Judge Folsom. In response to CLI's failure to join the co-owner of the patent-in-suit, Defendants moved to dismiss this action for failure to join an indispensable party and filed a separate action with all of the necessary parties in Delaware, where both CLI and its co-owner are incorporated.[2] However, transfer to Judge Folsom would not in any way affect the merits of Defendants' motion to dismiss (or the Adobe defendants' motion to dismiss or, in the alternative, to transfer to Delaware).

Indeed, the pendency of the Adobe defendants' motion to dismiss highlights the reason for transfer of this case to Judge Folsom. The Adobe defendants have moved to dismiss on the exact same grounds that Defendants here have moved to dismiss -- the failure of CLI to join an indispensable party (the co-owner of the patent-in-suit). The interests of justice and judicial economy would be best served by having this issue (and the two identical motions) decided by a single judge. See, e.g., DataTreasury Corp. v. First Data Corp., 243 F. Supp. 2d 591, 596 (N.D. Tex. 2003) (finding the risk of inconsistent rulings, which "would promote uncertainty and impede the administration of justice . . . favors resolving related patent cases in the same forum whenever possible").

---

[2] Contrary to CLI's assertions that Defendants "concealed from this Court" their true intentions, Defendants disclosed the Delaware action in the motion to dismiss and even attached the Delaware complaint as an exhibit thereto. (See Motion to Dismiss (Docket No. 19) at 13 & Exhibit K.)

3

### III. THIS CASE SHOULD BE TRANSFERRED TO JUDGE FOLSOM IN THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY.

The interests of justice and judicial economy warrant transfer of this case to Judge Folsom, before whom the virtually identical Adobe Action is pending. In order to avoid the waste of duplication, potentially inconsistent rulings and piecemeal resolution of issues, this action and the Adobe Action should proceed before the same judge. See Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950-52 (5th Cir. 1997); DataTreasury, 243 F. Supp. 2d at 594-96. Given Your Honor's recusal in the Adobe Action, that judge should be Judge Folsom.

While CLI concedes that this Court has the discretion to transfer this action to Judge Folsom (Resp. at 4-5), CLI seeks to distinguish Save Power and DataTreasury because they involved suits originally filed in different courts at different times (see id. at 5, n.5).[3] However, if suits filed in different courts weeks or months apart should be transferred to the same judge because there is a "substantial overlap of issues", see, e.g., Save Power, 121 F.3d at 952, certainly virtually identical suits filed the same day in the same district should be heard by the same judge.[4] CLI's argument that this case should not be transferred to Judge Folsom because "this Court was the 'first seized of the issues' brought by CLI" improperly exalts form over substance. (Resp. at 5.) This Court has the inherent power to transfer this case to Judge Folsom in the interests of justice and judicial economy irrespective of what judge was first seized of the issues. See, e.g., United States v. Stone, 411 F.2d 597, 599 (5th Cir. 1969).

---

[3] Contrary to what CLI says, Save Power did not involve a transfer between different districts. (See Resp. at 5, n.5.) In fact, Save Power involved a motion to transfer to another judge within the same division of the same district court. 121 F.3d at 949-50.

[4] "The general principle in the interrelation of federal district courts is to avoid duplicative litigation." Datamize, Inc. v. Fidelity Brokerage Servs., LLC, No. 2:03-CV-321-DF, at 4 (E.D. Tex. Apr. 22, 2004) (citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976)) (Resp. Ex. 4).

CLI's reliance on <u>Datamize, Inc. v. Fidelity Brokerage Servs., LLC</u>, No. 2:03-CV-321-DF, at 9-11 (E.D. Tex. Apr. 22, 2004) (Resp. Ex. 4), is similarly unavailing. In <u>Datamize</u>, Judge Folsom denied the requested transfer, finding "insufficient overlap" between two cases involving different patents, "different accused products, different technologies, different prior art, different claim constructions, and different industries." <u>Id.</u> at 20. This action and the <u>Adobe</u> Action, on the other hand, involve the same patent, the same allegedly infringing activity, the same technology and the same industry standard, JPEG.

Indeed, contrary to CLI's bald assertion that Defendants' motion "will do little to aid judicial economy" (Resp. at 7), <u>Datamize</u> highlights the benefit to judicial economy from transfer of this action to Judge Folsom. Here, absent transfer, two courts will, among other things, learn the same technology, construe the same patent terms, evaluate the same prior art and consider whether the same activity infringes the same patent. Under such circumstances, <u>Datamize</u> counsels that "[f]ederal courts should try to avoid the waste of this duplication as well as . . . piecemeal resolution of issues that call for a uniform result." <u>Id.</u> at 4. CLI offers no reasonable explanation why this Court should not avoid the unnecessary duplication present here by transferring this action to Judge Folsom.[5] Thus, in the interests of justice and judicial economy, this action should be transferred to Judge Folsom.

---

[5] CLI contends that transfer to Judge Folsom will "impair the value and effectiveness of CLI's patent rights by delaying resolution of this controversy" because "Judge Folsom only holds a jury docket in the Marshall Division once every six months". (Resp. at 4, 8.) The frequency of Judge Folsom's Marshall jury docket, however, cannot support CLI's position because, under General Order No. 04-8, twenty percent of all civil cases filed in the Marshall Division are assigned, as a matter of course, to Judge Folsom.

July 26, 2004

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

*Attorney for Defendant International Business Machines Corporation*

Willem G. Schuurman
Attorney-in-Charge
Texas State Bar No. 17855200
David B. Weaver
Texas State Bar No. 00798576
Vinson & Elkins
The Terrace 7
2801 Via Fortuna
Suite 100
Austin, Texas 78746
(512) 542-8651 (phone)
(512) 236-3476 (fax)
dweaver@velaw.com

Deron Dacus
Texas State Bar No. 00790553
Ramey & Flock
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301 (phone)
(903) 597-2413 (fax)
ddacus@rameyflock.com

*Attorneys for Defendant Dell Inc.*

                    Harry L. "Gil" Gillman, Jr.
                    Attorney-in-Charge
                    Texas State Bar No. 07921800
                    Baldwin & Baldwin, L.L.P.
                    400 West Houston
                    P.O. Drawer 1349
                    Marshall, Texas 75670

                    *Attorney for Defendant Toshiba America, Inc.*

Of Counsel:

Cravath, Swaine & Moore LLP
Keith R. Hummel
Amy H. Candido
825 Eighth Avenue
New York, NY 10019
(212) 474-1000 (phone)
(212) 474-3700 (fax)
khummel@cravath.com
acandido@cravath.com

*Attorneys for Defendant International Business Machines Corporation*


Howrey Simon Arnold & White, LLP
Henry C. Bunsow
Denise De Mory
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4946 (phone)
(415) 848-4999 (fax)
bunsowh@howrey.com
demoryd@howrey.com

*Attorneys for Defendant Toshiba America, Inc.*

7

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 26th day of July, 2004.

                           _____
                             Eric M. Albritton