IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| COMPRESSION LABS, INC. | § | |
|---|---|---|
| | § | |
| | § | |
| VS. | § | Civil Case No. 2:04-CV-159 (DF) |
| | § | |
| DELL, INC., et al. | § | |

**PLAINTIFF'S MOTION FOR ORDER TO CONDUCT**
**FED. R. CIV. P. 26(f) CONFERENCE**

Plaintiff Compression Labs Inc. ("CLI") moves the Court for an order that the parties confer as required by Fed. R. Civ. P. 26(f) and in support thereof shows the following:

**I. Background facts**

CLI filed this action on April 22, 2004. At the defendants' request, CLI agreed to an extension of time for the defendants to answer of approximately 50 days to July 6, 2004. On July 2, 2004, the defendants in this suit, and all but six of the defendants in case 2:04-CV-158 filed a declaratory judgment suit in federal court in Delaware seeking a declaration that the '672 patent alleged in this suit is neither infringed nor valid.[1] On July 6th, all defendants, with the exception of Onkyo U.S.A. Corp., filed a motion to dismiss this case for CLI's alleged failure to join an indispensable party, in lieu of an answer.[2]

On August 2, 2004, counsel for CLI wrote counsel for the defendants seeking to arrange a date and time to conduct the parties' 26(f) conference, and by separate letter proposed several dates for the conference. (*See* August 2, 2004, letter to Eric Albritton, attached hereto as Exhibit 1);August 9, 2004, letter to all counsel, attached hereto as Exhibit 2). The defendants responded

---

[1] All defendants joined as plaintiffs in the Delaware suit except Concord Camera, Creative Labs, Kyocera Wireless, Onyko, Panasonic Communications and Panasonic Mobile Communications.

[2] Onyko U.S.A. Corp. responded to Plaintiff's complaint on August 23, 2004, by filing a motion to dismiss.

to CLI's request by proposing a date for the conference some 34 days away, and conditioning their willingness to conduct the 26(f) conference on CLI's agreement to confer simultaneously on the later filed Delaware suit. (*See* August 12, 2004, letter to Wesley Hill, attached hereto as Exhibit 3).

In response, CLI again wrote the defendants, this time including proposed scheduling, discovery, and protective orders and CLI's positions on the matters required by Rule 26(f). (*See* August 13, 2004, letter to Eric Albritton, attached hereto as Exhibit 4). The defendants responded that they could not coordinate a conference in less that a month or provide a response to CLI's proposals in a timely fashion and, again, sought to include the later-filed Delaware action in the Rule 26(f) conference in this case. (*See* August 17, 2004, letter to Justin Swindells, attached hereto as Exhibit 5).

In light of the defendants' refusal to conduct a timely 26(f) conference except on a time table and under conditions that serve their concerted effort to escape this district for their chosen forum of Delaware, CLI moves the Court to order the defendants to conduct a prompt 26(f) conference in this case in order to assist the Court in resolving the scheduling and discovery issues that are likely to occur in this case.

**II.     Defendants should be ordered to comply with the requirements of 26(f) without improper conditions or unnecessary delay.**

Fed. R. Civ. P. 26(f) provides that "the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer …" to consider those matters required by the rule. Furthermore, Rule 26(d) prohibits the commencement of discovery from any source until the parties have conferred as required by Rule 26(f).

In this case, requiring the parties to proceed to conduct the Rule 26(f) conference will serve the salutary purpose of beginning the development of a proposed scheduling and discovery order for the Court's consideration at the scheduling conference in this case. As the Court is well aware, the process of developing a scheduling and discovery proposal in a patent case such as this involving numerous parties is a lengthy process, and requires for more conferring among the parties than a normal case. While the CLI has already prepared a proposed order, obviously it will take a substantial amount of work among the parties to resolve all the issues that are resolvable before the scheduling conference. As noted above, the defendants used the 50 days extension of time to answer to coordinate to file a separate suit in Delaware as well as a joint motion to dismiss or transfer – and that meant conferring only on issues that most defendants agreed on. The negotiations with respect to scheduling and discovery are likely to be more contentious, obviously. If the parties are not ordered (since they cannot agree to do so) to begin these discussions sooner rather than later, they will have substantial difficulty presenting the Court with their best efforts at a joint proposed schedule and discovery plan, thus presenting the Court with numerous additional decisions that more time conferring could well have eliminated.

The defendants' opposition to conducting the conference due to scheduling issues only highlights the need to begin sooner rather than later. CLI has offered to begin conferring with the defendants on a rolling basis, as defendants' counsel are available, so that the individual defendants' concerns can be addressed, with an eye towards having many of the issues worked out by September 15 – the date the defendants concede all defendants can confer.

From CLI's perspective, the defendants' refusal to conduct the 26(f) conference on a timely basis is nothing more than an open attempt to frustrate CLI's affirmative action in this

district and avoid discovery in hopes of creating tactical leverage for purposes of the defendants' pending motion to dismiss or transfer and the Delaware action.

The defendants' conduct contravenes the letter and spirit of Rule 26(f)'s "as soon as practicable" requirement and Local Rule CV-26(a)'s "no excuses" mandate regarding the avoidance of discovery during the pendency of motion to dismiss or transfer.

For these reasons, CLI respectfully requests that the Court issue an order that parties confer as required by Rule 26(f) for purposes of this suit by September 3, 2004.

                              Respectfully submitted,

                              /s/ Stephen G. Rudisill (by permission Wesley Hill)
                              Stephen G. Rudisill (Attorney-in-charge)
                              Tex. Bar. No. 17376050
                              John C. Gatz
                              Ill. Bar No. 6237140
                              Russell J. Genet
                              Ill. Bar No. 6255982
                              Justin D. Swindells
                              Ill. Bar No. 6257291
                              JENKENS & GILCHRIST
                              225 West Washington St., Ste. 2600
                              Chicago, IL 60606
                              Tel:  (312) 425-3900
                              Fax:  (312) 425-3909
                              Email:  srudisill@jenkens.com

OF COUNSEL:

Otis W. Carroll
Tex. Bar No. 03895700
Wesley Hill
Tex. Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email:  fedserv@icklaw.com

Franklin Jones, Jr.
Tex. Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

S. Calvin Capshaw
Tex. Bar No. 03783900
Elizabeth L. DeRieux
Tex. Bar. No. 05770585
BROWN McCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), movant has contacted opposing counsel and was informed that opposing counsel is opposed to the relief requested herein and will file a written response. Accordingly, this matter is submitted to the Court for determination.

/s/ Wesley Hill_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all parties via electronic delivery or United States mail this _24th_ day of August, 2004.

/s/ Wesley Hill_____