# IRELAND, CARROLL & KELLEY, P.C.

## ATTORNEYS AT LAW

6101 SOUTH BROADWAY, SUITE 500
SOUTH BROADWAY AT GRANDE BLVD.
TYLER, TEXAS 75703
(903) 561-1600

*Mailing Address:*
POST OFFICE BOX 7879
TYLER, TEXAS 75711
FAX (903) 581-1071

OTIS CARROLL
PATRICK KELLEY*
DEBORAH RACE**
COLLIN M. MALONEY
J. WESLEY HILL

DONALD CARROLL (1929-1992)
H. KELLY IRELAND (Retired)

*Board Certified - Business Bankruptcy Law
Texas Board of Legal Specialization
**Board Certified - Civil Appellate Law
Texas Board of Legal Specialization

August 2, 2004

Eric Albritton
Albritton Law Firm
P. O. Box 2649
Longview, TX 75606

      RE:    Civil Case No. 2:04-CV-159
            *Compression Labs, Inc. v. Dell Incorporated, et al*

Dear Eric:

     I am writing to arrange a 26(f) conference with the defendants in the above-entitled case. As stated in my letter regarding the other action, I recognize that you do not represent all of the defendants, but I would appreciate it if you would circulate this request among counsel for all defendants in the case. We propose that we conduct the conference by telephone on August 17, 2004 at 4:00 p.m. central time. Please let me know if this date is acceptable, or provide alternate dates and times for the conference to occur.

     Should you have any questions about this matter, please give me a call.

     Best regards.

                          Very truly yours,

                          Wesley Hill
                          For the Firm

WH/rf

cc:   Steven Leshin
       Stephen Rudisill
       Calvin Capshaw
       Franklin Jones, Jr.



EXHIBIT 1

Dockets.Justia.com

# Jenkens & Gilchrist

### A PROFESSIONAL CORPORATION

225 WEST WASHINGTON ST.
SUITE 2600
CHICAGO, ILLINOIS 60606

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

NEW YORK, NEW YORK
(212) 704-6000

PASADENA, CALIFORNIA
(626) 578-7400

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

Justin Swindells
(312) 425-8534
jswindells@jenkens.com

August 9, 2004

***Via Facsimile***

See Attached Service List

> Re:   *Compression Labs, Inc. v. Agfa et al.*, C.A. No. 2:04-CV-158-DF, and
> *Compression Labs, Inc. v. Dell et al.*, C.A. No. 2:04-CV-159-DF

Gentlemen:

We write to propose three dates and times during which we will meet and confer with any available counsel for both the above-captioned cases in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. The three proposed dates and times are as follows:

> Monday, August 16, 2004, at 1:30 p.m. CST
> Wednesday, August 18, 2004, at 10:30 a.m. CST
> Thursday, August 19, 2004, at 3:30 p.m. CST

The Rule 26(f) meet and confer will be conducted by telephone, and we will circulate a number and passcode for this purpose. In advance of the first telephone conference, we will also circulate a proposed discovery plan indicating our views and proposals concerning the subjects set forth in Rule 26(f).

Please let us know, preferably by e-mail, on which date or dates mentioned above you are available for a meet and confer. If none of the above dates works for you, let us know what dates and times during the next ten days you would be available. Kindly also indicate in your response which party or parties on whose behalf you are responding. We look forward to hearing from you.

Very truly yours,

Justin D. Swindells

JDS/adw

EXHIBIT

**2**

# **albritton***lawfirm*

**Eric M. Albritton**
eric@albrittonlawfirm.com

August 12, 2004

*Via email*
Mr. Wesley Hill
Ireland, Carroll & Kelley, P.C.
P.O. Box 7879
Tyler, Texas 75711

      Re:    *Compression Labs, Inc. v. Agfa, et al.*
              Civil Action No. 2:04-CV-158-DF

              *Compression Labs, Inc. v. Dell Inc., et al.*
              Civil Action No. 2:04-CV-159-DF

Dear Wesley:

      I write to follow-up on our discussions about your request for a Rule 26(f) conference and Justin Swindells' August 9, 2004, letter. As I told you today, the defendants in the above-referenced cases agree to a Rule 26(f) conference on September 15, 2004 at 11:00 a.m. (central) so long as CLI agrees to confer pursuant to Rule 26(f) at the same time concerning the civil action pending in Delaware. If CLI will not agree to confer about the Texas cases and the Delaware case simultaneously, please advise me in writing of the reasons.

      Lastly, this letter confirms that if CLI will not agree to our proposal that it will only request the Court to set a Scheduling Conference by written motion.

      Thank you for your kind consideration and attention to this matter.

                       Yours very truly,

                       Eric M. Albritton

EMA/ac

**EXHIBIT**
**3**

Mr. Wesley Hill
August 12, 2004
Page 2

cc:   *Via email*
     Justin Swindell
     Calvin Capshaw
     Franklin Jones, Jr.
     Steven Leshin
     Stephen Rudisill
     Richard Horwitz
     Counsel for All Defendants

# Jenkens & Gilchrist

A PROFESSIONAL CORPORATION

225 WEST WASHINGTON ST.
SUITE 2600
CHICAGO, ILLINOIS 60606

Justin Swindells
(312) 425-8534
jswindells@jenkens.com

(312) 425-3900
FACSIMILE (312) 425-3909

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

NEW YORK, NEW YORK
(212) 704-6000

PASADENA, CALIFORNIA
(626) 578-7400

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

August 13, 2004

*Via Email and First Class Mail*

Eric M. Albritton
Albritton Law Firm
109 West Tyler Street
Longview, Texas 75601

Re:   *Compression Labs, Inc. v. Agfa et al.*, C.A. No. 2:04-CV-158-DF, and
*Compression Labs, Inc. v. Dell et al.*, C.A. No. 2:04-CV-159-DF

Dear Eric:

This letter responds to your August 12th letter to Wesley Hill regarding our request for Rule 26(f) meet and confer conference. Our August 9th letter proposed three separate days and times in August on which to hold the Rule 26(f) meet and confer. Your letter fails to accept any of these days. Instead, you have indicated that the defendants will agree to a meet and confer on September 15, 2004 – which is more than 30 days from now. Furthermore, the defendants' agreement is contingent upon CLI's agreement that the September 15th meet and confer address both the Texas cases and the Delaware case. We therefore take your letter as rejecting our proposals for a Rule 26(f) meet and confer teleconference for the above-referenced Texas cases before Judge Folsom.

We enclose with this letter a Proposed Scheduling and Discovery Order setting forth our position on case scheduling and how discovery should be handled. Please discuss this order with your clients and let us know what, if any, modifications the defendants suggest. Since we are providing you with our specific proposals, it should be simple for the defendants to either agree to our proposals or suggest a modification. Therefore, please provide us with the defendants' position on the attached draft Scheduling and Discovery Order by Friday, August 20, 2004.

EXHIBIT
4

# Jenkens & Gilchrist
### A PROFESSIONAL CORPORATION

Eric M. Albritton
August 13, 2004
Page 2

Pursuant to Rule 26(f)(2), CLI will seek discovery on at least the following issues:

(1)    literal infringement;

(2)    infringement under the doctrine of equivalents;

(3)    acts which induce infringement or constitute contributory infringement and direct infringement supporting inducement and contributory infringement;

(4)    damages, including defendants' product sales revenues, product unit sales data, profit margins, and royalty and licensing types, rates, and payments;

(5)    willfulness of infringement; and

(6)    the factual bases for any and all counterclaims and affirmative defenses that may be raised by the defendants when they provide an Answer to the Complaint.

Pursuant to Rule 26(f)(4), we have also enclosed with this letter another copy of the proposed Protective Order that we sent on July 30th to Denise DeMory of Howrey, Simon, Arnold and White for consideration by the defendants in the 159 case. We have not yet received any response from anyone regarding this Protective Order. Please review this proposed Protective Order and provide us with any suggested modifications by August 20th.

Finally, regarding the pending Delaware case, we understand that you are only representing the defendants in the Texas cases and not in the Delaware case. Therefore, any scheduling conferences that relate to the pending Delaware action should be handled separately by the Delaware local counsel. Further, Judge Folsom will only be entering a scheduling order that pertains to the Texas cases – not the Delaware case. We can and should address any scheduling requirements of the Delaware court at a later date as a separate matter with Delaware local counsel.

Very truly yours,

Justin D. Swindells

JDS/s
Enclosures

# Jenkens & Gilchrist
### A PROFESSIONAL CORPORATION

Eric M. Albritton
August 13, 2004
Page 3

### *Via E-Mail and First Class Mail*

cc:     H. Michael Hartmann
        George A. Riley
        Mark C. Scarsi
        Barry W. Graham
        John A. O'Brien
        Brian L. Klock
        Joseph P. Lavelle
        Steven J. Routh
        Christopher E. Chalsen
        W. Bryan Farney, P.C.
        Danny L. Williams
        Morton Amster
        Jennifer Parker Ainsworth
        Stuart Lubitz
        Gil Gillam
        Charlene M. Morrow
        John W. Kozak
        Frederick H. Colen
        Mark D. Flanagan
        M. Craig Tyler
        Anthony C. Roth
        Robert J. Hollingshead
        M. Matthews Hall
        E. Lee Haag
        James P. Bradley

# 3. PATENT INITIAL DISCLOSURES

## 3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.

Not later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

## 3-2. Document Production Accompanying Disclosure.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

4

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and

(c) A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

### 3-3. Preliminary Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and

5

the motivation to combine such items, must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

## 3-4. Document Production Accompanying Preliminary Invalidity Contentions.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and

(b) A copy of each item of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

## 3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.

(a) **Invalidity Contentions If No Claim of Infringement.** In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, P. R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Preliminary Invalidity Contentions that conform to P. R. 3-3 and produce or make available for inspection and copying the documents described in P. R. 3-4. The parties shall meet and confer within 10 days of the service of the Preliminary Invalidity Contentions for the purpose of determining the date on which the plaintiff will file its Final Invalidity Contentions which shall be no later than 50 days after service by the Court of its Claim Construction Ruling.

(b) **Applications of Rules When No Specified Triggering Event.** If the filings or actions in a case do not trigger the application of these Patent Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Rules to the case.

**(c) Inapplicability of Rule.** This P. R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

## 3-6. Final Contentions.

Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

> **(a)** If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced pursuant to P. R. 3-4 so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

> **(b)** Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by P. R. 3-3 if:

>> **(1)** a party claiming patent infringement has served "Final Infringement Contentions" pursuant to P. R. 3-6(a), or

>> **(2)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

## 3-7. Amendment to Contentions.

Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in P. R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

## 3-8. Willfulness.

By the date set forth in the Docket Control Order, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

> **(a)** Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or

work product protection has been waived; and

**(b)** Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with the requirements of this P. R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

## 4. CLAIM CONSTRUCTION PROCEEDINGS

### 4-1. Exchange of Proposed Terms and Claim Elements for Construction.

**(a)** Not later than 10 days after service of the "Preliminary Invalidity Contentions" pursuant to P. R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

**(b)** The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

### 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.

**(a)** Not later than 20 days after the exchange of "Proposed Terms and Claim Elements for Construction" pursuant to P. R. 4-1, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

**(b)** At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of

the substance of that witness' proposed testimony.

(c) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

### 4-3. Joint Claim Construction and Prehearing Statement.

Not later than 60 days after service of the "Preliminary Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a) The construction of those claim terms, phrases, or clauses on which the parties agree;

(b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) The anticipated length of time necessary for the Claim Construction Hearing;

(d) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

(e) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

### 4-4. Completion of Claim Construction Discovery.

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

### 4-5. Claim Construction Briefs.

9

     **(a)** Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.

     **(b)** Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

     **(c)** Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**4-6. Claim Construction Hearing.**

     Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in P.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| Compression Labs, Incorporated, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | C.A. No. 2:04-CV-158-DF |
| | ) | |
| 1.  Agfa Corporation, | ) | |
| 2.  Apple Computer, Incorporated, | ) | |
| 3.  Axis Communications, Incorporated, | ) | |
| 4.  Canon, USA, Incorporated, | ) | |
| 5.  Concord Camera Corporation, | ) | |
| 6.  Creative Labs, Incorporated, | ) | |
| 7.  Eastman Kodak Company, | ) | |
| 8.  Fuji Photo Film U.S.A., | ) | |
| 9.  Fujitsu Computer Products of America, | ) | |
| 10. Gateway, Incorporated, | ) | |
| 11. Hewlett-Packard Company, | ) | |
| 12. JASC Software, | ) | |
| 13. JVC Americas Corporation, | ) | |
| 14. Kyocera Wireless Corporation, | ) | |
| 15. Macromedia, Incorporated, | ) | |
| 16. Matsushita Electric Corporation of | ) | |
| America, | ) | |
| 17. Mitsubishi Digital Electronics America, | ) | |
| Incorporated, | ) | |
| 18. Océ North America, Incorporated, | ) | |
| 19. Onkyo U.S.A. Corporation, | ) | |
| 20. PalmOne, Incorporated, | ) | |
| 21. Panasonic Communications Corporation | ) | |
| of America, | ) | |
| 22. Panasonic Mobile Communications | ) | |
| Development Corporation of USA, | ) | |
| 23. Ricoh Corporation, | ) | |
| 24. Riverdeep, Incorporated (d.b.a. | ) | |
| Broderbund), | ) | |
| 25. Savin Corporation, | ) | |
| 26. Thomson, Incorporated | ) | |
| 27. Xerox Corporation, | ) | |
| | ) | |
| *Defendants.* | ) | |

## [PROPOSED] SCHEDULING AND DISCOVERY ORDER

After reviewing the report from the parties required by Fed. R. Civ. P. 26(f) and after consulting with the parties by a scheduling conference, the court hereby enters the following Scheduling and Discovery Order pursuant to this Court's Local Rule CV-16 and Fed. R. Civ. P. 16:

## SCHEDULE

| | |
|---|---|
| October ___, 2005 | Jury Selection – 9 a.m. <br><br> A change in the scheduled trial date will operate to reset deadlines tied to that date accordingly by extending the deadlines an equal number of days. |
| no later than 3 days prior to scheduled trial date | List of Exhibits and Witnesses <br><br> The attorneys for the parties shall file with the clerk and deliver to opposing parties and the court reporter a separate list of exhibits and witnesses, except those offered solely for impeachment. |
| **October 4, 2005** | Final Pretrial Conference – 9 a.m. |
| September 26, 2005 | Motions *in Limine* |
| September 26, 2005 | Joint Final Pretrial Order, Joint Proposed Jury Instructions, and Form of the Verdict (and/or Proposed Findings of Fact and Conclusions of Law) |
| September 12, 2005 | Pretrial Disclosures pursuant to Fed. R. Civ. P. 26(a)(3) |
| August 15, 2005 | Dispositive Motions <br><br> Unless leave of Court is obtained, Plaintiff and Defendants collectively may file no more than one (1) summary judgment motion. |
| August 1, 2005 | Expert Discovery Deadline <br><br> All expert discovery shall be commenced in time to be completed by this date. |
| July 25, 2005 | Objections to Expert Witnesses <br><br> Such objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all of the information necessary to make a ruling on any objection. |

CHICAGO 292234v2 22768-00143

| July 18, 2005 | Rebuttal Expert Testimony on this date or 60 days after entry of the court's claim construction ruling, whichever is later.<br><br>Rebuttal expert testimony shall mean expert testimony that is solely intended to contradict or rebut expert testimony on the same subject matter identified by another party pursuant to Fed. R. Civ. P. 26(a)(c) and Local Rule CV-26(b). |
|---|---|
| July 1, 2005 | Discovery Deadline<br><br>All discovery shall be commenced in time to be completed by this date. |
| July 1, 2005 | Mediation |
| June 17, 2005 | Disclosure of Expert Testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) by the party bearing the burden of proof on this date or 30 days after entry of the court's claim construction ruling, whichever is later. |
| June 1, 2005 | Defendants to serve *"Final Invalidity Contentions"* (PR 3-6(b)) on this date or 30 days after entry of the court's claim construction ruling, whichever is later. |
| June 1, 2005 | Disclosure of Opinions of Counsel (PR 3-8) on this date or 30 days after entry of the court's claim construction ruling, whichever is later. |
| June 1, 2005 | Plaintiff to Serve *"Final Infringement Contentions"* (PR 3-6(a)) on this date, or 30 days after entry of the Court's claim construction ruling, whichever is later. |
| March 9, 2005 | Mediator Selection<br><br>If the parties agree on a mediator, they shall so notify the court of the name, address, and telephone number of the attorney-mediator. Otherwise the court will select a mediator. |
| February 15, 2005 | *Markman* Hearing, if necessary – 9 a.m. |
| January 31, 2005 | Reply Briefs to *Markman* Briefs (PR 4-5(c)) |
| January 24, 2005 | Response Briefs to *Markman* Briefs (PR 4-5(b)) |
| January 10, 2005 | *Markman* Briefs (PR 4-5(a))<br><br>Each party shall file *Markman* briefs as to the construction of the terms of the patent-in-suit which are in dispute. |

CHICAGO 292234v2 22768-00143

| December 23, 2004 | Claim Construction Discovery Deadline (PR 4-4) |
|---|---|
| December 13, 2004 | Parties file *"Joint Claim Construction and Prehearing Statement"* (PR 4-3) |
| November 29, 2004 | Parties exchange *"Preliminary Claim Constructions and Extrinsic Evidence"* (PR 4-2) |
| November 15, 2004 | Parties exchange *"Proposed Terms and Claim Elements for Construction."* (PR 4-1) |
| November 15, 2004 | Privilege Logs to be Exchanged by Parties |
| November 1, 2004 | Amend Pleadings<br><br>It is not necessary to file a motion for leave to amend before the deadline to amend pleadings.  It is necessary to file a motion for leave to amend after the deadline to amend pleadings. |
| November 1, 2004 | Join Additional Parties |
| October 1, 2004 | Defendants to serve *"Preliminary Invalidity Contentions"* and *supporting documents.* (PR 3-3, 3-4) |
| October 1, 2004 | Plaintiff to serve *"Disclosure of Asserted Claims and Preliminary Infringement Contentions" and supporting documents.* (PR 3-1, 3-2) |
| October 1, 2004 | Defendants to serve list of all products that implement the baseline JPEG standard and sales data for each listed product |
| September 24, 2004 | Plaintiff to serve list of products that are believed to implement the baseline JPEG standard |
| September 24, 2004 | Exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) |

## DISCOVERY LIMITATIONS

No Excuses.  Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand or to change venue.  Local Rule CV-26(a).

Depositions.

1.    Of fact witnesses and third party witnesses:

Plaintiff shall have up to 100 hours of deposition time per Defendant; and

- 4 -

Defendants collectively shall have up to 100 hours of deposition time.

2.    Of experts:

Plaintiff shall have up to 14 hours to use with each of Defendants' experts; and

Defendants collectively shall have up to 14 hours to use with each of Plaintiff's expert(s).

Interrogatories.

Plaintiff shall be allotted 25 interrogatories per Defendant, and

Defendants collectively shall be allotted 25 interrogatories.

Requests for Admission:

Plaintiff shall be allotted 100 requests for admissions per Defendant, and

Defendants collectively shall be allotted 100 requests for admissions.

Technical Advisor.  The parties propose that the court appoint a Technical Advisor in accordance with the following selection process:

Within 15 days after the Rule 26(f) Scheduling Conference, each side shall exchange names of up to 5 technical advisor candidates.  After this exchange, the parties shall have 10 days to meet and confer on the candidates.  After the meet and confer process is complete, the parties shall have 15 days to jointly contact the candidates to discuss the candidate's credentials, willingness to participate, conflicts, *etc*.  The parties shall not have any *ex parte* contact with potential candidates.  Each side shall have 5 additional days to nominate up to 3 candidates from the original exchange of names that they believe should be considered by the Court.  After the names have been submitted to the Court, each side shall have 5 days to file objections to the other side's nominations.  If any objections are filed, the side proposing the candidate shall have 5 days to file a response.

Compliance.  Failure to comply with relevant provisions of the Local Court Rules or this Order may result in the exclusion of witness testimony, the imposition of sanctions by the court, or both.

Signed this _____ day of _____, 2004

_____
UNITED STATES DISTRICT JUDGE

CHICAGO 292234v2 22768-00143

# APPENDIX A

Excerpts from Judge Ward's Patent Rules

CHICAGO 292234v2 22768-00143

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

Compression Labs, Incorporated,          )
                                         )
            *Plaintiff,*                  )
                                         )          C.A. No. 02:04-CV-159-DF
      v.                                 )
                                         )
1. Dell Incorporated,                    )
2. International Business Machines        )
   Corporation,                          )
3. Toshiba America, Incorporated,        )
                                         )
            *Defendants.*                 )

## PROTECTIVE ORDER

Upon motion of both parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1.    All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.    "Classified Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "Confidential – Experts and Attorneys Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Confidential – Experts and Attorneys Only," a party will make such designation only as to that information that it in good faith believes contains Confidential Information. Information or

material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.    "Qualified Persons," as used herein means:

(a) Subject to the restrictions of paragraphs 3(g), Outside Attorneys of record for the parties in this litigation and employees of such outside attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of Classified Information to such person, including a detailed description of the background of the expert or consultant, and who have signed the Undertaking attached as Exhibit A (such signed Undertaking to be retained by the attorney retaining such person and provided upon request of any party);

(c) Officer(s), director(s), or employee(s) of the producing party or officer(s), director(s), or employee(s) of a company affiliated with the producing party who, prior to any disclosure of Classified Information to such persons, shall each sign a document in the form of Exhibit A attached hereto (such signed document to be retained by counsel making such disclosure and shall be made available to counsel for the producing party);

(d) In-house attorneys for the parties to this litigation, who are engaged in the conduct of this litigation along with employees of such in-house attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(e) Any person to whom Plaintiff and Defendants may agree in writing or whom the Court may direct shall have access;

(f) In the case of sub-part 3(b), not less than seven (7) calendar days prior to the disclosure of any Classified Information to the designated Qualified Person, counsel for the party desiring to disclose the Classified Information shall provide to counsel for the party that has designated the information as Classified Information the signed undertaking (in the form of Exhibit A) of the designated Qualified Person. If the party designating the information as Classified

Information objects to the disclosure, in writing, within seven (7) calendar days of receipt of the undertaking, no Classified Information shall be disclosed to the designated Qualified Person unless and until the matter is resolved by agreement of the parties or by an Order of the Court. It shall be the responsibility of the party seeking to disclose Classified Information to the designated Qualified Person to file a motion with the Court seeking leave for such disclosure. The objecting party shall have the burden of demonstrating by a preponderance of evidence why the designated Qualified Person should not be allowed to review Classified Information;

(g) Outside copy services, stenographic reporters and videographers engaged in proceedings incident to this case on behalf of counsel of record; and

(h) Witnesses or deponents that are presently or were formerly employed with the disclosing party and who are or were familiar with the content of the Classified Information to be disclosed to them during their testimony or deposition.

4.      (a) Documents containing or constituting Classified Information and produced in this action may be designated by any party or parties as "Confidential" (or "Confidential – Experts and Attorneys Only") information by marking each page of the document(s) so designated with the designation "Confidential" (or "Confidential – Experts and Attorneys Only").

(b) In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5.      (a) Information disclosed at:

        (i) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or

        (ii) the deposition of a third party, and the information pertains to a party, may be designated by any party as Classified information by indicating on the record at the deposition that the testimony is "Confidential" (or

"Confidential – Experts and Attorneys Only") and is subject to the provisions of this Order.

(b) Any party may also designate information disclosed at such depositions as Classified Information by notifying all of the parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

6.    (a) Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Confidential – Experts and Attorneys Only" shall be restricted to only, and not disclosed beyond, the Qualified Persons described in Paragraphs 3(a), (b), (e) and (g) above.

(b) Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

7.    (a) Documents previously produced without a confidentiality designation may be retroactively designated by notice in writing of the designated class of each document by Bates number, and shall be treated appropriately from the date written notice of the updated designation is provided to the receiving party. Documents unintentionally produced as "Confidential" may be retroactively designated as "Confidential – Experts and Attorneys Only" in the same manner, and shall be treated appropriately from the date written notice of the updated designation is provided to the receiving party.

(b) Documents to be inspected shall be treated as Classified Information during inspection. At the time of copying for the receiving parties, such inspected documents that contain Classified Information shall be marked prominently

"Confidential" or "Confidential – Experts and Attorneys Only" by the producing party.

(c) Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Classified Information, irrespective of which party produced such information. Nor shall anything herein prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is an officer, director or employee of the party so designating the information as Classified Information or of the party that produced the information or of a related entity.

8.    (a) If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as Classified Information the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party and all Qualified Persons possessing such information shall thereafter treat the information as Classified Information under this Order. The disclosing party shall promptly re-produce properly designated copies of such Classified Information. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons. If such efforts are unsuccessful, the receiving party shall notify the disclosing party of the disclosure and identity of the person or entity to whom the receiving party made disclosure.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in

writing, including stating the nature of the inadvertent production and how it occurred, and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) calendar days of receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

9.    (a) A party shall not be obligated to challenge the propriety of a designation as Classified Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings prior to the close of discovery with the designation by the designating party of any information as Classified Information, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the parties are unsuccessful in informally resolving any disputes regarding the designation of any document or information as Classified Information, the Court shall resolve all such disputes. It shall be the burden of the party making any designation to establish that the information so designated is Classified Information within the meaning of this Protective Order.

(b) The parties may, by written stipulation filed with Court, amend this Order, and any party may seek an order of this Court modifying this Protective Order. The parties agree to meet and confer prior to seeking to modify this Protective Order. In addition, the Court may modify this Protective Order in the interest of justice or otherwise at the Court's discretion.

10.    (a) "Confidential – Experts and Attorneys Only" information includes information the disclosure of which would likely cause significant competitive harm to the disclosing party or party from which the information was obtained, including, but

not limited to, (i) proprietary technical information and specifications, (ii) trade secrets (iii) confidential know-how, and (iv) proprietary business and financial information, including patent license agreements and related documents. Nothing in this paragraph shall be construed to limit the description of "Confidential" information set forth in paragraph 2.

(b) "Confidential" information shall mean non-public information likely to have the effect of causing competitive harm to the disclosing party if disclosed publicly. Nothing shall be regarded as Classified Information if it is information that:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(iii) was in the receiving party's rightful and lawful possession at the time of disclosure, without an obligation to maintain confidentiality, as evidenced by a written document; or

(iv) is lawfully received by the receiving party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any Classified Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Classified Information used therein shall be filed under seal with the Court.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Classified Information by a party to this action. A party who wishes to file under seal any documents or other materials containing or embodying Classified Information has an affirmative obligation to notify the Clerk of this Court that the documents or other materials are to be filed under seal

by prominently marking them with as follows:

CONFIDENTIAL – FILED UNDER SEAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN THE PROTECTIVE ORDER.

If a party discovers that documents or other materials to which the Clerk of this Court was directed to file under seal were not in fact filed under seal, the party who filed the documents or other materials has an affirmative obligation to notify the Clerk of this Court to rectify the error.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

14. In the event any person or party that has possession, custody, or control of any Classified Information pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce such information, such person or party shall notify in writing the counsel for the party or persons claiming confidential treatment of the documents sought by such subpoenas or other process or order, shall furnish such counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall at a minimum, seek to obtain confidential treatment of the Classified Information before producing it in the other proceeding or action.

15. This Protective Order shall apply to the parties and any non-party from whom discovery maybe sought and who desires protection for the discovery sought.

Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

16.    Absent further Order of this Court, within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party that are in the possession of any of the persons qualified under Paragraphs 3(a) through (g) shall be returned to the producing party or destroyed. If destroyed, counsel for the receiving party shall certify to counsel for the producing party compliance with this paragraph within seven (7) calendar days of such destruction. To the extent that the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and  (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17.    This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way the impact and effect of Classified Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the contents of any Classified Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

**SIGNED AND ENTERED this _____ day _____ of 2004.**

_____

UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| Compression Labs, Incorporated, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | C.A. No. 02:04-CV-159-DF |
| v. | ) | |
| | ) | |
| 1. Dell Incorporated, | ) | |
| 2. International Business Machines | ) | |
| Corporation, | ) | |
| 3. Toshiba America, Incorporated, | ) | |
| | ) | |
| *Defendants.* | ) | |

## UNDERTAKING

My name is _____. My present employer and the

address of my present employer is _____.

I hereby acknowledge that I have received a copy of, have read, and am fully familiar with the

terms of the Protective Order entered in this action on _____. I

agree to be bound by, and to comply fully with, the terms of the Protective Order. I agree not to

disclose or disseminate any Classified Information, as defined by the Protective Order, except as

permitted therein.

I hereby submit myself to the jurisdiction of this Court in connection with the

enforcement of the Protective Order. I declare that all statements made herein are true and

accurate and understand that any willful false statement is punishable by fine and/or

imprisonment.

_____

# CRAVATH, SWAINE & MOORE LLP

GEORGE J. GILLESPIE, III
THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON

RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
W. CLAYTON JOHNSON
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
LEWIS R. STEINBERG
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1144

PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE T. SPELLMAN
RONALD CAMI
MARK I. GREENE

GARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE

SPECIAL COUNSEL
SAMUEL C. BUTLER
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

August 17, 2004

Compression Labs, Inc. v. Agfa Corp. et al. (C.A. No. 2:04CV-158 DF)
Compression Labs, Inc. v. Dell Inc. et al. (C.A. No. 2:04CV-159 DF)
Agfa Corp. et al. v. Compression Labs, Inc. et al. (C.A. No. 04-818 SR)

Dear Justin:

I write in response to your August 13, 2004 letter to Eric Albritton on
behalf of Defendants in the two above-captioned Texas actions and Plaintiffs in the
above-captioned Delaware action. You state that we have rejected your proposals for a
Rule 26(f) meet and confer teleconference. We have not -- we simply cannot meet and
confer on the dates you proposed. Not only is it very difficult to coordinate among
30 different parties with 30 different schedules, but August is a very popular vacation
time. Nevertheless, as Eric Albritton told Wesley Hill, we have identified September 15
at noon EDT as a time when we are available to meet and confer. You have not told us if
you are available at that time. If you are, please let us know and we will make the
necessary teleconferencing arrangements.

We have your Proposed Scheduling and Discovery Order and your
proposed Protective Order. It will take some time for the parties to evaluate your
proposals and to confer before we can get back to you. Indeed, given our side's limited
availability in August, it is highly unlikely that we will have a coordinated response this
week or next. However, we will do our best to get back to you in advance of our
teleconference.

During our teleconference, we expect to meet and confer regarding
discovery and scheduling in the Delaware case as well. If you prefer to have your



EXHIBIT
5

Delaware local counsel address discovery and scheduling in the Delaware case, please
confirm that your Delaware local counsel is available on September 15th.

Very truly yours,

*Amy H. Candido*

Amy H. Candido

Justin D. Swindells, Esq.
    Jenkens & Gilchrist, P.C.
        225 West Washington Street, Suite 2600
        Chicago, IL 60606

BY FACSIMILE

Copies to:

Stephen G. Rudisill, Esq.
John C. Gatz, Esq.
Russell J. Genet, Esq.
    Jenkens & Gilchrist, P.C.
        225 West Washington Street, Suite 2600
        Chicago, IL 60606

S. Calvin Capshaw III, Esq.
    Brown, McCarroll, L.L.P.
        1127 Judson Road, Suite 220
        Longview, TX 75601-5157

Franklin Jones, Jr., Esq.
    Jones & Jones, Inc., P.C.
        201 West Houston Street
        P.O. Drawer 1249
           Marshall, TX 75670-1249

Otis Carroll, Esq.
Jack Wesley Hill, Esq.
    Ireland, Carroll & Kelley, P.C.
        6101 South Broadway, Suite 500
        Tyler, TX 75703

FROM CSM LLP   Case 2:04-cv-00159-DF   Document 34   Filed 08/24/2004   Page 33 of 39   (TUE) 8. 17'04 22:11/ST. 22:09/NO. 4804991194  P  5

3

Carl R. Roth, Esq.
Michael C. Smith, Esq.
   The Roth Law Firm
      115 North Wellington, Suite 200
         P.O. Box 876
            Marshall, TX 75670

Richard D. Kirk, Esq.
   222 Delaware Avenue, 10th Floor
   P.O. Box 2306
      Wilmington, DE 19899

BY FACSIMILE

Copies to:

H. Michael Hartmann, Esq.
Wesley O. Mueller, Esq.
John W. Kozak, Esq.
Steven P. Petersen, Esq.
   Leydig, Voit & Mayer, Ltd.
      Two Prudential Plaza, Suite 4900
         180 North Stetson
            Chicago, IL 60601

George A. Riley, Esq.
   O'Melveny & Myers L.L.P.
      Embarcadero Center West
         275 Battery Street
            San Francisco, CA 94111-3305

Mark C. Scarsi, Esq.
Michelle L. Davidson, Esq.
   O'Melveny & Myers L.L.P.
      400 South Hope Street
         Los Angeles, CA 90071-2899

Herschel Crawford, Esq.
Eric Findlay, Esq.
Deron Dacus, Esq.
   Ramey & Flock
      100 East Ferguson, Suite 500
         Tyler, TX 75702

FROM CSM LLP  Case 2:04-cv-00159-DF  Document 34  Filed 08/24/2004  Page 34 of 39  P  6
(CE)  8. 17 04 22:11/ST. 22:09/NO. 4864991194  P  6

4

Lance Lee, Esq.
   Young, Pickett & Lee
      4122 Texas Boulevard
      P.O. Box 1897
         Texarkana, TX 75504

Barry W. Graham, Esq.
Elizabeth A. Niemeyer, Esq.
   Finnegan, Henderson, Farabow,
      Garrett & Dunner, L.L.P.
      1300 I Street, N.W.
         Washington, DC 20005-3315

Eric M. Albritton, Esq.
   Albritton Law Firm
      109 West Tyler Street
      P.O. Box 2649
         Longview, TX 75606

John A. O'Brien, Esq.
Nicholas M. Cannella, Esq.
   Fitzpatrick, Cella, Harper & Scinto
      30 Rockefeller Plaza
         New York, NY 10112-3801

Brian L. Klock, Esq.
   Fitzpatrick, Cella, Harper & Scinto
      1900 K Street, N.W.
         Washington, DC 20006

John "Jack" B. Baldwin, Esq.
   Baldwin & Baldwin, L.L.P.
      400 West Houston Street
      P.O. Drawer 1349
         Marshall, TX 75671

Joseph P. Lavelle, Esq.
Kenneth W. Donnelly, Esq.
Vivian S. Kuo, Esq.
   Howrey Simon Arnold & White
      1299 Pennsylvania Avenue, N.W.
         Washington, DC 20004

FROM CSM LLP    Case 2:04-cv-00159-DF    Document 34    Filed 08/24/2004 (TUE) 8. 17 04 22:11/ST. 22:09/NO. 4804991.94 P 7    Page 35 of 39 P  7

5

Steven J. Routh, Esq.
   Hogan & Hartson, L.L.P.
     555 13th Street N.W.
       Washington, DC 20004

Christopher E. Chalsen, Esq.
Michael M. Murray, Esq.
   Milbank, Tweed, Hadley & McCloy, LLP
     One Chase Manhattan Plaza
      New York, NY 10005-1413

W. Bryan Farney, P.C.
Darryl J. Adams, Esq.
   Dewey Ballantine LLP
     401 Congress Avenue, Suite 3200
      Austin, TX 78701-2478

Danny L. Williams, Esq.
   Williams, Morgan & Amerson
     10333 Richmond, Suite 1100
      Houston, TX 77042

John Allcock, Esq.
Sean C. Cunningham, Esq.
Bruce H. Watrous, Esq.
   Gray Cary Ware & Freidenrich
     401 B Street, Suite 2000
      San Diego, CA 92101

Nicholas H. Patton, Esq.
Robert W. Schroeder III, Esq.
Justin K. Truelove, Esq.
   Patton, Tidwell & Schroeder, L.L.P.
     4605 Texas Boulevard
      Texarkana, TX 75505-5398

Daniel W. McDonald, Esq.
Deakin T. Lauer, Esq.
   Merchant & Gould, P.C.
     3200 IDS Center
      80 South 8th Street
       Minneapolis, MN 55402

FROM CSM LLP    Case 2:04-cv-00159-DF    Document 34    Filed 08/24/2004    Page 36 of 39
(TUE) 8.17 04 22:11/ST. 22:09/NO. 4864991 94 P 8

6

Morton Amster, Esq.
Abraham Kasdan, Esq.
Joseph Casino, Esq.
    Amster, Rothstein & Ebenstein LLP
        90 Park Avenue
           New York, NY 10016

Jennifer Parker Ainsworth, Esq.
    Wilson, Sheehy, Knowles, Robertson & Cornelius
        P.O. Box 7339
           Tyler, TX 75711

Stuart Lubitz, Esq.
    Hogan & Hartson, L.L.P.
        Biltmore Tower
           500 South Grand Avenue, Suite 1900
               Los Angeles, CA 90071

Charlene M. Morrow, Esq.
Darryl M. Woo, Esq.
    Fenwick & West
        801 California Street
           Mountain View, CA 94041

Harry L. "Gil" Gillam, Jr., Esq.
Melissa R. Smith, Esq.
    Gillam & Smith, L.L.P.
        110 South Bolivar, Suite 204
           Marshall, TX 75670

Frederick H. Colen, Esq.
Barry J. Coyne, Esq.
Joshua S. Bish, Esq.
    Reed Smith, LLP
        435 Sixth Avenue
           Pittsburgh, PA 15219

Clyde M. Siebman, Esq.
    Siebman, Reynolds & Burg
        Federal Courthouse Square
           300 N. Travis Street
               Sherman, TX 75090

FROM CSM LLP  Case 2:04-cv-00159-DF  Document 34  Filed 08/24/2004  Page 37 of 39 P  9
(TUE) 8. 17 04 22:12/ST. 22:09/NO. 4864991194 P  9

7

Mark D. Flanagan, Esq.
Bart E. Volkmer, Esq.
   Wilson Sonsini Goodrich & Rosati
      650 Page Mill Road
         Palo Alto, CA 94303-1050

M. Craig Tyler, Esq.
   Wilson Sonsini Goodrich & Rosati
      8911 Capital of TX Highway North
         Westech 360, Suite 3350
            Austin, TX 78759-7247

Anthony C. Roth, Esq.
   Morgan, Lewis & Bockius LLP
      1111 Pennsylvania Avenue, N.W.
         Washington, DC 20004

Robert J. Hollingshead, Esq.
   Morgan, Lewis & Bockius LLP
      Shin-Tokyo Building, 9th Floor
         3-1, Marunouchi 3 chome
            Chiyoda-ku, Tokyo 100-0005, JAPAN

M. Matthews Hall, Esq.
   Kolisch Hartwell, P.C.
      200 Pacific Building
         520 S.W. Yamhill Street
            Portland, OR 97204

E. Lee Haag, Esq.
Marc L. Delflache, Esq.
Richard S. Zembek, Esq.
Andrew Price, Esq.
   Fulbright & Jaworski, LLP
      1301 McKinney Street
         Houston, TX 77010-3095

James P. Bradley, Esq.
William O. Fifield, Esq.
   Sidley Austin Brown & Wood LLP
      717 North Harwood
         Dallas, TX 75201

FROM CSM LLP                    (TUE) 8.17'04 22:12/ST.22:09/NO.4864991194 P 10

Josey W. Ingersoll, Esq.
Adam W. Poff, Esq.
  Young Conway Stargatt & Taylor, LLP
    The Brandywine Building
      1000 West Street, 17th Floor
        Wilmington, DE 19801

BY ELECTRONIC MAIL

Kerry P. Sisselman, Esq.
Scott L. Lampert, Esq.
    Concord Camera Corporation
        4000 Hollywood Boulevard, Suite 650N
            Hollywood, FL 33021

Robert Haslam, Esq.
    Heller, Ehrman, White & McAuliffe LLP
    275 Middlefield Road
        Menlo Park, CA 94025

Willem G. Schuurman, Esq.
David B. Weaver, Esq.
    Vinson & Elkins L.L.P.
    The Terrace 7
        2801 Via Fortuna, Suite 100
            Austin, TX 78746

Henry C. Bunsow, Esq.
Denise DeMory, Esq.
    Howrey Simon Arnold & White LLP
    525 Market Street, Suite 3600
        San Francisco, CA 94105-2708

Barry J. Bendes, Esq.
    Wolf, Block, Schorr and Solis-Cohen LLP
    250 Park Avenue
        New York, NY 10177

Richard L. Horwitz, Esq.
David E. Moore, Esq.
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
        Wilmington, DE 19899

William J. Wade, Esq.
    Richards, Layton & Finger, P.A.
    One Rodney Square
    920 N. King Street
        Wilmington, DE 19899