IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Compression Labs, Incorporated, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | C.A. No. 2:04-CV-159-DF |
| | ) | |
| Dell Corporation, *et al.,* | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN ALL CO-OWNERS OF THE PATENTS-IN-SUIT AND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY PURSUANT TO FED. R. CIV. P. 12(b)(7)**

CHICAGO 293310v1 22768-00143

Defendants concede that to prevail on their motion to dismiss, they must establish not only that GI ("GI") is both necessary and indispensable, but also that joinder of GI "is not feasible." (Defs.' Mot. at 8). Yet Defendants ignore this requirement completely, and argue that that the case must be dismissed simply because GI is a "necessary" and "indispensable" party. Because joinder of GI **is feasible**, Rule 19 at most provides Defendants with a remedy in the form of an order that GI be joined as a party.[1] Even this remedy is unwarranted, however, because GI is not a necessary party, much less an indispensable one.

## I. RULE 19(b) DOES NOT APPLY BECAUSE DEFENDANTS HAVE FAILED TO SHOW THAT JOINDER IS NOT FEASIBLE

In order to *dismiss* a case for failure to join an indispensable party, the Court must find three things: (1) the absent party is *necessary* to the suit, (2) the absent party *cannot be joined*, and (3) the absent party is *indispensable* to the resolution of the suit. FED. R. CIV. P. 19(a)-(b).

As shown below, Defendants' contention that GI is a necessary party is wrong. However, even if the Court were to determine that the absent party is necessary under the criteria of Rule 19(a)(1) or (2), before turning to the issues of indispensability and dismissal under Rule 19(b), the Court must first determine whether the absent party can be joined in the litigation. *HS Resources, Inc. v. Wingate,* 327 F.3d 432, 439 (5th Cir. 2003); *English v. Seaboard Coast Line R.R. Co.,* 465 F.2d 43, 48 (5th Cir. 1972); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* 11 F.3d 399, 404 (3d Cir. 1993); Wright, Miller, and Kane, 7 FEDERAL PRACTICE AND PROCEDURE, § 1604, at 40 (2001). As stated by Professors Wright, Miller and Kane:

---

[1] Defendants' only attempt to make the showing required by Rule 19 rested on their claim that in a 1996 agreement, since amended, GI had agreed to join an infringement action initiated by CLI. Since GI was not a party, Defendants reasoned, it must not have agreed, and joinder must not be feasible. This tortured logic is no showing at all -- whether or not GI was asked or agreed to join this lawsuit has no bearing on whether it can be joined by the Court as a party. In any event, Defendants' meager attempt to satisfy Rule 19 was nullified when CLI submitted the controlling 2003 Agreement, which Defendants failed to consider, and which contains no similar provision to that relied on by Defendants. Left with no possibility of satisfying the Rule 19 requirement for a showing that joinder of GI is not feasible, Defendants' reply brief simply ignores the requirement. This is a fatal defect in Defendants' motion.

> On a motion under Rule 12(b)(7), the court initially will determine if the absentee should be joined as a party in accordance with the criteria set forth in Rule 19(a). If it decides in the affirmative, the court will order the absentee brought into the action. If the absentee cannot be joined, the court then must determine, by analyzing the factors described in Rule 19(b), whether to proceed without joining the person or to dismiss the action. **Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result.**

7 FEDERAL PRACTICE AND PROCEDURE, § 1609, at 130 (emphasis added).

Joinder of an absent party is not feasible only if that party is not subject to service of process, or if its presence will destroy diversity. Only **then** are indispensability and dismissal considered. *See* FED. R. CIV. P. 19(a); *Seaboard,* 465 F.2d at 48; *Wingate,* 327 F.3d at 439; *Kickapoo Tribe v. Babbitt,* 43 F.3d 1491, 1494-95 (D.C. Cir. 1995). If neither of these situations exists, then joinder of the absent party is feasible, and "the court **shall** order that the person be made a party." FED. R. CIV. P. 19(a). The Court has no discretion because of the mandatory language of the rule. 7 FEDERAL PRACTICE AND PROCEDURE, § 1611, at 161-162.[2]

Defendants have mangled the Rule 19 analysis by arguing only that GI is both "necessary" and "indispensable," without addressing the Rule 19(a) requirement that it be shown that joinder of GI is not feasible. In the present case, there is no question that GI can be joined in this lawsuit, for multiple reasons detailed below. Thus, even if, *arguendo*, the Court were to accept that GI were a "necessary" party, Rule 19(a) mandates that "the court **shall** order that the person [GI] be made a party." Unless the Court finds that joinder of GI is not feasible, the questions of whether GI is an "indispensable" party under the criteria of 19(b), and if so whether the case should be dismissed for that reason, are never even reached. *Seaboard,* 465 F.2d at 48;

---

[2] The Court may join a party at any stage of the action on motion or its own initiative. FED. R. CIV. P. 21; 1966 Advisory Committee Note to Rule 19.

*Wingate,* 327 F.3d at 439; *see also* 1966 Advisory Committee Note to Rule 19 (explaining that a party is only regarded as "indispensable" if "he cannot be made a party").[3]

The burden is on Defendants to show non-feasibility for purposes of this motion. Defendants have not made such a showing, because joinder of GI is feasible (as Plaintiff will show below). Instead, Defendants focus on a purported risk of future litigation with GI, but the Fifth Circuit has expressly held this to be an improper basis for dismissal under Rule 12(b)(7). *See Boone v. General Motors Acceptance Corp.,* 682 F.2d 552, 554 (5th Cir. 1982) (holding that "judicial economy and convenience do not in themselves provide grounds for dismissal"); *Shelton v. Exxon Corp.,* 843 F.2d 212, 218 (5th Cir. 1988) (explaining that "it is the threat of inconsistent obligations, not the possibility of multiple litigation or a subjective preference for state court, that determines Rule 19 considerations").

Furthermore, if Defendants were truly concerned about a threat of multiple litigation, Defendants themselves should have simply joined GI as a party in this case, rather than filing a second action in Delaware. According to the drafters of Rule 19, third party practice should be encouraged to cure joinder issues, because it is often those who are already parties who are best able to take measures to avoid prejudice. *See* 1966 Advisory Committee Note to Rule 19. Thus, "the Rule 19(b) notion of equity and good conscience contemplates that the parties actually before the court are obliged to pursue any avenues for eliminating the threat of prejudice," including by means of defensive interpleader, or by using impleader or asserting a counterclaim requiring the joinder of the additional parties under Rule 13(h). Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE, § 1608, at n. 29-31.

---

[3] A recent example of the application of this procedure to a patent case involving co-owners is *Aspex Eyewear, Inc. v. Elite Optik, Inc.*, No. 398-CV-2996D, 2002 WL 1751381, at *6 (N.D. Tex. Apr. 4, 2002), in which Judge Fitzwater rejected the argument that the case should be dismissed, and instead ordered absent co-owners of the patent in suit to be joined under Rule 19.

Of course, the reason that Defendants have not made any effort to eliminate the prejudice they claim exists -- as the notions of "equity and good conscience" embodied in the rule require them to do -- by joining GI as a party is because their purpose is not really to avoid multiple litigation, but rather to move this litigation out of Texas to Delaware. Indeed, Defendants themselves have gone out of their way to **create** multiple litigation by filing a mirror-image lawsuit in Delaware rather than just joining GI here, which would be eminently feasible.

### A.   Joinder Of GI Is Feasible

GI is clearly "subject to service of process" in the Eastern District of Texas,[4] for any one of the following reasons:

1.   GI's contacts with Texas are "continuous and systematic," including selling products and soliciting business throughout Texas. GI is the Broadband Communications Sector subsidiary of Motorola, Inc.,[5] a national company that does business throughout Texas and has filed lawsuits for patent infringement in this district.[6] GI has procured a certificate of authority to do business in Texas as a foreign corporation under Art. 8.01 of the Texas Business Corporation Act ("TBCA"), and maintains a registered agent having a registered office in Texas

---

[4] Venue is proper if a *prima facie* case is made that GI is subject to personal jurisdiction in the Eastern District of Texas. 28 U.S.C. § 1391(c); *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990). Any factual disputes must be resolved in the plaintiff's favor. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994).

[5] *See* Decl. of Eric M. Albritton in Support of Defendants' Motion to Dismiss, Ex. G.  GI has averred that it does business as the Broadband Communications Sector subsidiary of Motorola, Inc. in court filings. *See* Compl. at 2, ¶ 3, *Motorola, Inc. v. M&L Enterprises, Inc.,* No. 2:02-CV-8337 (E.D. Pa. Nov. 6, 2002), available at PACER https://ecf.paed.uscourts.gov/cgi-bin/login.pl.  The formal warranties that accompany many of GI's products also state, "General Instrument Corporation, doing business as the Broadband Communications Sector of Motorola, Inc. ('Motorola BCS') warrants to the original customer that . . . ." *See, e.g.,* http://broadband.motorola.com/consumers/products/SB4100/downloads/SB4100_Warranty.pdf.  Copies of the complaint and warranty are not attached due to page limitations, but have been included with the service of this brief on opposing counsel.

[6] *See Motorola, Inc. v. STMicroelectronics, et al.*, No. 03-CV-00407 (E.D. Tex.); *Motorola, Inc. v. Analog Devices Inc.,* No. 03-CV-00131 (E.D. Tex.); *Motorola, Inc. v. Winbond Electronics, et al.*, No. 02-CV-00010 (E.D. Tex.); *Motorola, Inc. v. Taiwan Semiconductor, et al.*, No. 01-CV-00206 (E.D. Tex.); *Motorola, Inc. v. Glover*, No. 00-CV-00432 (E.D. Tex.).

under Art. 8.08 of the TBCA.[7]  Finally, GI d/b/a Motorola BCS sells products and solicits business in the state of Texas via an Internet web site, which can be accessed at http://www.gi.com.  The web site is highly interactive, allowing its customers to navigate and shop for numerous products.  For example, customers can order products, get product information, contact sales representatives directly, check rebate status, register for receiving product information, obtain shipping information, *etc*.  These Internet-based contacts, when combined with GI's traditional contacts with Texas, subject GI to the jurisdiction of this Court.[8]

   2. The 2003 Agreement was negotiated with Forgent Networks, Inc. and CLI in Texas. Article 13 of the 2003 Agreement states that "[t]he rights and obligations of the parties under this Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without reference to conflicts of laws principles."  The negotiation and consummation of this agreement, as well as its terms, subject GI to service of process in Texas.[9]

---

[7] *See* http://www.sos.state.tx.us/corp/businessfaqs.shtml#Qualification.  A copy of the certificate of authority is not attached due to page limitations, but has been included with the service of this brief on opposing counsel.

[8] *See Mieczkowski v. Masco Corp.*, 997 F. Supp. 782, 785-88 (E.D. Tex. 1998); *accord Mink v. AAAA Development LLC,* 190 F.3d 333, 336-37 (5th Cir. 1999) (explaining that "where a defendant clearly does business over the Internet by entering into contracts with residents of other states which involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.").

[9] *See, e.g.*, *Akro Corp. v. Luker*, 45 F.3d 1541, 1548-49 (Fed. Cir. 1995) (reversing dismissal for lack of personal jurisdiction in part because out-of-state patentee had entered into an exclusive licensing agreement regarding the patent-at-issue with a competitor of the alleged infringer, wherein the patentee was obligated to defend and pursue infringement against the patent); *Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003) (holding that court had specific jurisdiction over patentee based in part on phone calls regarding the subject matter covered by the patent application, even though the patentee was not physically present in the forum state); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001) (finding that negotiation efforts, through telephone and mail from New Jersey, that culminated in four license agreements with a California company were sufficient to demonstrate that patent owner had purposefully directed his activities at California); *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1271 (Fed. Cir. 1998) (concluding that attempts of a patentee to negotiate a sublicense with a potential infringer strengthened the patentee's contacts with the state); *Deprenyl*, 297 F.3d at 1354 (stating that choice-of-law provisions in a license agreement is a factor that "a court must consider in determining whether a party to the agreement purposefully availed itself of the law of that forum").

Thus, it is manifestly clear that joinder of GI is feasible, and that being the case, Rule 19(a) mandates that the Court "shall" order that GI be made a party if it is deemed "necessary."

## II. GI IS NOT A NECESSARY PARTY BECAUSE DEFENDANTS WILL NOT BE SUBJECTED TO A SUBSTANTIAL RISK OF INCONSISTENT OBLIGATIONS

Although the motion to dismiss is moot because joinder of GI is feasible, it should also be denied because GI is not a necessary party.

In their reply, Defendants claim that GI is necessary by relying on Rule 19(a)(2)(ii), which requires joinder if "the person [sought to be joined] claims an interest **relating to the subject of the action** and is so situated that the disposition of the action in the person's absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise **inconsistent obligations by reason of the claimed interest**." The language of Rule 19(a) itself is fatal to Defendants' motion in three ways. First, Rule 19(a) requires GI to claim an interest relating to the subject of this lawsuit, and Defendants have not shown that GI claims any such interest, nor could they because GI released such interest to CLI. Second, the risk of inconsistent obligations must be *substantial*. Here, GI's release of all rights relating to the JPEG field eliminates any risk that Defendants will be exposed to inconsistent obligations by reason of any claimed interest by GI. Third, the substantial risk must arise by reason of some interest claimed by GI that is related to the *subject of this action*. The subject of this action, as expressed in CLI's Complaint, involves JPEG technology. Thus, GI could not claim any interest in the subject of this action because it released all such interests to CLI in the 2003 Agreement.

Defendants once again gloss over the language of Rule 19(a) by ignoring the requirement that the absent party, GI, must claim an interest in the subject of the action. As the court in *Promatek Indus. Ltd. v. Equitrac Corp.*, 185 F.R.D. 520, 524 (N.D. Ill. 1999), explained:

> Rule 19(a)(2)(ii) . . . applies only if the absent party "claims an interest relating to the subject of the action." Neither party suggests that CSI has claimed any interest in this litigation. It is unclear, therefore, how Equitrac will incur "inconsistent obligations by reason of the claimed interest." . . . *McKesson Corp. v. Whirl-Air-Flow*, 1987 WL 8615, *3 (N.D. Ill. Mar. 24, 1987) ("The flaw in Defendants' argument is apparent. Defendants nowhere establish that [the third party] 'claims an interest . . . .' Although Defendants express a fear that they will be subjected to inconsistent obligations in the absence of the third party's joinder, Defendants do not explain how these inconsistent obligations will occur 'by reason of [the third party's] claimed interest.'").

Indeed, Article 4.2 of the 2003 Agreement is clear that GI released to CLI all GI's interests in the subject of this action.

Apparently recognizing that GI has no interest in the subject of this action, Defendants contend that GI can be joined even though it has waived any interests it has in the subject of this litigation, relying upon *Willingham v. Lawton*, 555 F.2d 1340 (6th Cir. 1977). In *Willingham*, one co-owner was joined as an involuntary plaintiff because both co-owners had granted each other the unilateral right to sue, leaving them at the mercy of each other. *Id.* at 1345. Here, however, GI does not have any rights or interests in the subject of this action, having released to CLI the unfettered and exclusive right to initiate, control, and defend this litigation.

Defendants also pervert Rule 19(a)(2)(ii) when they argue that "GI is necessary to avoid the **risk** of duplicative **litigation**." Reply at 5 (emphasis added). Risk of multiple litigation is not what Rule 19(a)(2)(ii) requires, rather, a **substantial risk** of multiple or inconsistent **obligations** is required. *Boone,* 682 F.2d at 554; *Shelton*, 843 F.2d at 218; *see also Delgado v. Plaza Las Am., Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (citing 4 Moore's Fed. Practice ¶ 19.03 (3d ed. 1997) and *Boone*, 682 F.2d at 554) ("'Inconsistent obligations' are not, however, the same as inconsistent adjudications or results."). As the *Delgado* court explained:

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or

> results—does not necessitate joinder of all of the parties into one action pursuant to Fed. R. Civ. P. 19(a). *See Field*, 626 F.2d at 301.

139 F.3d at 3. Thus, Defendants' alleged fear of multiple litigation, belied in any event by their mirror-image filing in Delaware, misses the mark completely. They have made no showing that, even if GI were to claim an interest in the subject of this action, GI's absence would subject them to a substantial risk of inconsistent *obligations*.

**III.    CLI AND GI HAVE STRUCTURED THEIR INTERESTS TO AVOID THE NECESSITY OF JOINDER**

Defendants' claim that the Rule 19 analysis can be short-circuited altogether and that this case must be dismissed because all patent co-owners must always be joined in an infringement suit as indispensable parties is not the law. As CLI pointed out in its opposition brief, the adoption of the 1966 amendments to Rule 19 "makes inappropriate any contention that patent co-owners are *per se* indispensable parties in infringement suits." *Catanzaro v. Intl'l Tel. and Tel. Corp.*, 378 F. Supp. 203, 205 (D. Del. 1974) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)).[10] Just after the adoption of the 1966 amendment to Rule 19, the Supreme Court in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968), emphasized that the new version requires pragmatic consideration of the alternatives of proceeding or dismissing, whereas the old version was too formulaic and rigid.

> To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is "indispensable" until it had examined the situation to determine whether it can proceed without him.

---

[10] *See also E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*, No. 00-CV-8670, 2003 WL 22064257 (S.D.N.Y. Sept. 5, 2003); *Michaels of Or. Co. v. Mil-Tech, Inc.*, 38 U.S.P.Q.2d 1060, 1061 (D. Or. 1995); *Parkson Corp. v. Fruit of the Loom, Inc.*, 28 U.S.P.Q.2d 1066, 1069 (E.D. Ark. 1992) ("the adoption of the 1966 amendment to Rule 19 . . . makes clear that patent owners are not *per se* indispensable parties in infringement actions."); *Howes v. Med. Components, Inc.*, 698 F. Supp. 574 (E.D. Pa. 1988).

*Id.* at 119. Thus, Rule 19 "commands the courts to examine each controversy to make certain that the interests really exist." *Id.* However, as noted above, a Rule 19(b) analysis is not necessary here because GI's joinder is feasible if GI were a necessary party.

Relying on *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998) and *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324 (Fed. Cir. 2001), Defendants argue that GI is a co-owner that must be joined or this case dismissed. They acknowledge an exception to this rule, which is that if CLI and GI have structured their interests "so that one party is no longer in law an 'owner,'" *IBM v. Conner Peripherals, Inc.*, 30 U.S.P.Q.2d 1315, 1317 (N.D. Cal. 1994), the absent party is not necessary to the maintenance of the action. Here, the 2003 Agreement is unequivocal that GI is not an owner with respect to the subject of this action.

## IV. DEFENDANT IBM FAILS TO MEET ITS BURDEN TO PRODUCE EVIDENCE OF ITS PURPORTED LICENSE TO THE PATENT-IN-SUIT

Defendants claim that GI is a necessary party because "IBM may face another action from GI" regarding the license that IBM obtained from Motorola. This applies the wrong standard: "Rule 19(a)(1) focuses on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989) (quoting *LLC Corp. v. Pension Ben. Gaur. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)). CLI has shown, with reference to specific evidence and authority, that complete relief can be afforded between the parties because the Motorola-IBM license *could not* grant any rights in the JPEG field. Defendants offer nothing to rebut this point. The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing that the presence of an absent party is necessary and indispensable. 7 FEDERAL PRACTICE AND PROCEDURE § 1359 (3d. ed. 2003); *Accardo v. Grand Casino of La., Inc.*, Civ.A. No. 00-CV-

360, 2000 U.S. Dist. LEXIS 22443, at *1 (E.D. Tex. Aug. 4, 2000).  Defendants have failed to carry their burden.

## V. CONCLUSION

Defendants' request that this Court surrender its jurisdiction to Delaware should be denied.

                                        Respectfully submitted,
                                        Compression Labs, Inc.

Dated:  August 25, 2004            By:/s/Stephen G. Rudisill by permission S. Calvin Capshaw
                                        Stephen G. Rudisill (*attorney-in-charge*)
                                              Illinois Bar No.: 2417049
                                              Texas Bar No.: 17376050
                                              srudisill@jenkens.com
                                        John C. Gatz
                                              Illinois Bar  No.: 6237140
                                              jgatz@jenkens.com
                                        Russell J. Genet
                                              Illinois Bar No.:6255982
                                              rgenet @jenkens.com
                                        Justin D. Swindells
                                              Illinois Bar No.: 6257291
                                              jswindells@jenkens.com
                                        JENKENS & GILCHRIST, P.C.
                                        225 West Washington Street, Suite 2600
                                        Chicago, Illinois  60606
                                        Tel.    (312) 425-3900
                                        Fax    (312) 425-3909

                                        S. Calvin Capshaw III
                                              Texas Bar No.: 03783900
                                              ccapshaw@mailbmc.com
                                        BROWN, McCARROLL, L.L.P.
                                        1127 Judson Road, Suite 220
                                        Longview, Texas  75601-5157
                                        Tel.    (903) 236-9800
                                        Fax.   (903) 236-8787

                                        Franklin Jones, Jr.
                                              Texas Bar No.: 00000055
                                              maiezieh@millerfirm.com
                                        JONES & JONES, Inc., P.C.
                                        201 West Houston Street (75670)
                                        P.O. Drawer 1249
                                        Marshall, Texas  75670-1249
                                        Tel.    (903) 938-4395
                                        Fax.   (903) 938-3360

                                        Otis Carroll
                                              Texas Bar No.: 03895700
                                        Jack Wesley Hill
                                              Texas Bar No.: 24032294
                                              nancy@icklaw.com

                                                    IRELAND, CARROLL & KELLEY, P.C.
                                                    6101 South Broadway, Suite 500
                                                    Tyler, Texas  75703
                                                    Tel.    (903) 561-1600
                                                    Fax.   (903) 581-1071

                                                   ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2004, a true and correct copy of the foregoing PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN ALL CO-OWNERS OF THE PATENTS-IN-SUIT AND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY PURSUANT TO FED. R. CIV. P. 12(b)(7) was deposited in the United States Mail, postage prepaid, and addressed to the following counsel of record:

Dell Incorporated
Willem G. Schuurman
David B. Weaver
Vinson & Elkins, LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746

Mark N. Reiter
Daniel T. Conrad
Jones Day
2727 North Harwood Street
Dallas, TX 75201

International Business Machines Corporation
Keith Hummel
Amy Candido
Cravath, Swaine & Moore
825 Eighth Avenue
New York, New York 10019

Eric M. Albritton
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606-2649

Toshiba America, Incorporated
Henry C. Bunsow
Howrey Simon Arnold & White
525 Market Street
Suite 3600
San Francisco, CA 94104

/s/S. Calvin Capshaw_____

CHICAGO 293310v1 22768-00143