# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

COMPRESSION LABS, INC.,

                  Plaintiff,

-against-

1. DELL INC.,
2. INTERNATIONAL BUSINESS MACHINES CORPORATION,
3. TOSHIBA AMERICA, INC.,

                  Defendants.

C. A. No. 2:04-CV-159-DF

## DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF DEFENDANTS' JOINT MOTION TO DISMISS

Defendants Dell Inc. ("Dell"), International Business Machines Corporation ("IBM"), and Toshiba America, Inc. ("Toshiba") (collectively "Defendants") respectfully submit this motion for a protective order to stay discovery pending resolution of Defendants' Joint Motion to Dismiss.

### Introduction

There are currently two pending actions relating to U.S. Patent No. 4,698,672 (the "'672 Patent") involving Defendants and Plaintiff Compression Labs, Inc. ("CLI") -- this action and a declaratory judgment action in the United States District Court for the District of Delaware (the "Delaware Action"). In this action, CLI alleges that Defendants have infringed the '672 Patent by implementing the JPEG standard for still image compression. In Delaware, Defendants, along with twenty-one other entities, brought an action seeking a declaration that the '672 Patent is non-infringed, invalid and unenforceable (due to inequitable conduct, laches,

equitable estoppel and patent misuse). The Delaware Action also includes claims for license, implied license, deceptive trade practices, fraud, negligent misrepresentation, equitable estoppel, patent misuse and attempted monopolization under section 2 of the Sherman Act.

Motions to dismiss are pending in both actions. On July 6, 2004, Defendants moved to dismiss this action for alleged infringement of the '672 Patent on the grounds that CLI failed to join the co-owner of the '672 Patent, General Instrument, Inc. ("GI"), and that GI is an indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). That motion has been fully briefed. On August 6, 2004, CLI moved to dismiss, stay or transfer the Delaware Action in favor of this action.[1] CLI's motion in the Delaware Action is currently being briefed.

Last Friday, September 24, 2004, CLI moved for a stay of discovery in the Delaware Action pending resolution of its motion to dismiss in that action.[2] At the same time, CLI has been attempting to accelerate discovery in this action. CLI has taken these inconsistent positions even though it knows that the scope of discovery in both actions will be substantially the same. But, CLI cannot have it both ways. CLI's arguments in favor of a stay of discovery in the Delaware Action apply equally to this action. (See Exhibit A.) Either CLI is correct that "merit-based discovery is premature" pending resolution of a motion to dismiss (in which case discovery should be stayed in both jurisdictions) or it is not (in which case discovery should continue in both jurisdictions). (See Exhibit A at 2.)

---

[1] GI, a defendant in the Delaware Action, has until October 11, 2004, to move or answer.

[2] Motion of Defendants Compression Labs, Inc. and Forgent Networks, Inc. to Stay Discovery Pending Resolution of Their Motion to Dismiss, Stay or Transfer, filed September 24, 2004 in Agfa Corp. et al. v. Compression Labs, Inc. et al., C.A. No. 04-818-SLR (D. Del.), is attached hereto as Exhibit A.

2

CLI's attempt to gain a procedural advantage by seeking simultaneously to accelerate discovery in this action and to stay discovery in the Delaware Action should not be countenanced. Accordingly, pursuant to CLI's own arguments to the court in the Delaware Action, Defendants respectfully request that this Court stay discovery pending resolution of Defendants' motion to dismiss.

## Procedural Background

On September 15, 2004, while the parties' respective motions to dismiss were pending, the parties began the process of meeting and conferring pursuant to Federal Rule of Civil Procedure 26(f) in both this action and the Delaware Action. Forgent Networks, Inc. ("Forgent") and GI, defendants in the Delaware Action (but not parties in any of the Texas actions), also participated. Dell, IBM and Toshiba expressed their view that discovery in both cases should not begin until the parties finished conferring under Rule 26(f). Despite the fact that the parties agreed to continue discussions on several open issues, CLI stated that it considered the Rule 26(f) conference completed and would serve formal discovery requests immediately. Later that day, CLI served merits-based discovery requests on Dell, IBM and Toshiba in this action. Shortly thereafter, Dell, IBM and Toshiba served merits-based discovery requests on CLI in this action and in the Delaware Action.

CLI did not serve any discovery in the Delaware Action. Rather, days after initiating discovery in this action despite Defendants' motion to dismiss, CLI moved to stay all discovery in the Delaware Action, arguing:

> The Delaware Plaintiffs simply do not need discovery in this action before the Court rules on the Motion to Dismiss. As noted above, the discovery served by the Delaware Plaintiffs is not targeted at issues posed by the Motion to Dismiss; rather, it is merit-based. Until the Court has decided whether this case is to go

3

>forward, and if so whether it should go forward in this judicial district, merit-based discovery is premature.

(Exhibit A at 2.)

## Argument

**DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS.**

Fifth Circuit precedent is clear that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987). "[F]or good cause shown, the court . . . may make any order which justice requires . . . ." Fed. R. Civ. P. 26(c). While Local Rule CV-26(a) provides that, "[a]bsent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss," under certain circumstances, a "court order to the contrary" is appropriate. Such circumstances are present here.

Because CLI seeks to use Local Rule CV-26(a) to gain a tactical advantage vis-à-vis the Delaware Action, justice requires a protective order to stay discovery in this action pending resolution of Defendants' motion to dismiss. Defendants' motion to dismiss in this action and CLI's motion to dismiss, stay or transfer in the Delaware Action should be decided on the merits of those motions, <u>not</u> on the basis of CLI's manipulation of the discovery process. Either discovery should proceed on parallel tracks in Texas and Delaware,[3] or discovery should be stayed pending resolution of the parties' motions to dismiss. Contrary to what CLI contends, it cannot be that "merit-based discovery is premature" in Delaware, but not in Texas.

---

[3] Indeed, in connection with the Rule 26(f) meet and confer teleconference on September 15, 2004, Dell, IBM and Toshiba proposed that deposition discovery of fact witnesses and document discovery in this action be coordinated with the Delaware Action.

4

A stay of discovery also would promote judicial economy. The scope of discovery in this action and the Delaware Action will be substantially the same, but GI, the co-owner of the '672 Patent and a defendant in the Delaware Action, is not a party to this action.[4] Thus, if discovery in the Delaware Action is stayed, but discovery proceeds in this action, significant discovery may need to be duplicated to include GI, prejudicing all parties and wasting judicial resources. Discovery on all issues should be completed once with the participation of all parties.

Moreover, CLI has stated that it believes discovery in this action should be coordinated with discovery in both Compression Labs, Inc. v. Agfa Corp. et al., C.A. No. 2-04-CV-158-DF (the "Agfa Action"), and Compression Labs, Inc. v. Acer America Corp. et al., C.A. No. 2-04-CV-294-DF (the "Acer Action"), but CLI has yet to meet and confer with the defendants in the Acer Action. Indeed, the defendants in the Acer Action have yet to respond to CLI's complaint in that action and, upon information and belief, at least one defendant in the Acer Action has yet to be served. A stay of discovery would allow the Acer Action to catch-up with this action and the Agfa Action, and would allow the parties in all three actions to participate in meaningful discussions regarding scheduling, coordination and discovery limitations. With a stay of discovery, following the Court's October 4, 2004 management conference, the parties in all three actions would be able to continue what the parties in this action and the Agfa Action began and work diligently together to agree on the most efficient way to handle discovery in these actions should Defendants' motion to dismiss and the defendants in the Agfa Actions' motion to dismiss or transfer be denied.

---

[4] In fact, the absence of GI, an indispensable party, is the basis for Defendants' motion to dismiss this action.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending resolution of Defendants' motion to dismiss.

September 27, 2004

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

*Attorney for Defendant International Business Machines Corporation*

Willem G. Schuurman
Attorney-in-Charge
Texas State Bar No. 17855200
David B. Weaver
Texas State Bar No. 00798576
Vinson & Elkins
The Terrace 7
2801 Via Fortuna
Suite 100
Austin, Texas 78746
(512) 542-8651 (phone)
(512) 236-3476 (fax)
dweaver@velaw.com

        Deron Dacus
        Texas State Bar No. 00790553
        Ramey & Flock
        100 East Ferguson, Suite 500
        Tyler, Texas 75702
        (903) 597-3301 (phone)
        (903) 597-2413 (fax)
        ddacus@rameyflock.com

        *Attorneys for Defendant Dell Inc.*

        Harry L. "Gil" Gillman, Jr.
        Attorney-in-Charge
        Texas State Bar No. 07921800
        Baldwin & Baldwin, L.L.P.
        400 West Houston
        P.O. Drawer 1349
        Marshall, Texas 75670

        *Attorney for Defendant Toshiba America, Inc.*

Of Counsel:

Cravath, Swaine & Moore LLP
Keith R. Hummel
Amy H. Candido
825 Eighth Avenue
New York, NY 10019
(212) 474-1000 (phone)
(212) 474-3700 (fax)
khummel@cravath.com
acandido@cravath.com

*Attorneys for Defendant International Business Machines Corporation*

Howrey Simon Arnold & White, LLP
Henry C. Bunsow
Denise De Mory
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4946 (phone)
(415) 848-4999 (fax)
bunsowh@howrey.com
demoryd@howrey.com

*Attorneys for Defendant Toshiba America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic mail, on this the 27th day of September, 2004.

_____
Eric M. Albritton

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Wesley Hill, counsel for the plaintiff, who advised that the plaintiff is opposed to this motion.

_____
Eric M. Albritton