## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

COMPRESSION LABS, INC.,

                    Plaintiff,

      -against-

1. DELL INC.,
2. INTERNATIONAL BUSINESS
   MACHINES CORPORATION,
3. TOSHIBA AMERICA, INC.,

                  Defendants.

C. A. No. 2:04-CV-159-DF

### JOINT CONFERENCE REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Compression Labs, Inc.

("CLI") and Defendants Dell Inc. ("Dell"), International Business Machines Corporation

("IBM"), and Toshiba America, Inc. ("Toshiba") (collectively "Defendants") submit this Joint

Conference Report.

**1.**      **Description of the Case**

      **A.**      **Plaintiff's Statement of the Case:**

Plaintiff Compression Labs, Inc. contends that the patent in suit covers the baseline

application of the international image compression standard known as JPEG. In the two years

prior to filing suit, CLI has licensed the patent to approximately 35 companies, generating

licensing revenues in excess of $100 million. On April 22, 2004, Plaintiff filed this action

against companies that had been contacted and which had declined to take a license. Plaintiff

CLI contends that each of the defendants infringe the patent in the same manner, i.e. that by

practicing the JPEG standard they infringe the patent in suit. After the Plaintiff filed its two

initial suits in Texas, the Defendants in this case filed an action in Delaware seeking declaratory relief. Thereafter, three defendants in *Compression Labs, Inc. v. Acer America Corp. et al.*, 2:04-CV-294-DF (E.D. Tex.) (the "*Acer* Action"), requested MDL treatment for all existing cases, including a transfer to California where those three defendants contend the judges are better able to handle patent litigation such as this.

### B.    Defendants' Statement of the Case:

CLI's lawsuit is an untimely effort to enforce an invalid, unenforceable and non-infringed patent -- U.S. Patent No. 4,698,672 (the "'672 Patent"), which issued on October 6, 1987, and is assigned to CLI and General Instrument Corp. ("GI").[1] After remaining silent for more than a decade, CLI now contends that the '672 Patent is infringed by the international digital image compression standard adopted in 1992 by the Joint Photographic Experts Group -- a standard known as the "JPEG Standard." CLI was an active and voting member of the committee that approved the JPEG Standard. Accordingly, CLI had an obligation disclose the '672 Patent and its purported relevance to the JPEG Standard during the time the JPEG standard-setting committee developed and approved the JPEG standard, but CLI did not do so.

In fact, CLI failed to disclose the purported relevance of the '672 Patent even as the JPEG standard-setting body considered and rejected several alternative compression algorithms before adopting the algorithm that CLI now accuses of infringement. After voting to approve the JPEG Standard, CLI then waited for more than a decade to begin enforcing the '672 Patent

---

[1] As Defendants demonstrate in their pending Motion to Dismiss, this action should be dismissed because CLI failed to join GI -- a co-owner of the '672 Patent and a necessary and indispensable party under Federal Rule of Civil Procedure 12(b)(7). For purposes of clarification, the MDL petition referred to by CLI in its Statement of the Case was filed by three parties in other cases based on the procedural issues created by multiple lawsuits pending in various jurisdictions. No Defendant in this action has joined in the MDL petition.

against the JPEG Standard -- a decade in which industries and their customers widely adopted and integrated the JPEG Standard into their products and services.

CLI's belated enforcement of the '672 Patent is part of a pattern of deception, delay and anticompetitive behavior. CLI's unlawful conduct includes not only its misleading silence and misrepresentations about the purported relevance of the '672 Patent during the JPEG standard-setting process, but also its intentional failure to disclose known, material prior art to the United States Patent and Trademark Office during prosecution of the '672 Patent; and its unreasonable and inexcusable delay in notifying Defendants of their alleged infringement that has resulted in prejudice to Defendants.

Defendants will more fully respond to CLI's allegations if and when they answer the Complaint after their pending Motion to Dismiss is resolved by the Court, but Defendants contend, among other things, that (a) the '672 Patent is invalid, unenforceable and not infringed; (b) the '672 Patent was obtained through fraud on the Patent Office by the intentional failure to disclose known, anticipatory prior art; and (c) CLI failed to disclose the purported relevance of the '672 Patent to the JPEG standard-setting committee, despite a clear duty to do so, during its participation in the adoption of the JPEG Standard.[2]

**2.    Rule 26(f) Conference Date and Parties In Attendance**

**A.    Plaintiff's Statement:**

The Rule 26(f) conference was held by teleconference on September 15, 2004. The following attorneys participated in the conference on behalf of CLI: Wesley Hill, Calvin Capshaw and Franklin Jones, Jr.

---

[2] If Defendants answer the Complaint in this action, at least some of the Defendants intend to assert counterclaims for, among other things, patent invalidity, unenforceability and noninfringement, equitable estoppel, laches, license, implied license and fraud.

**B.    Defendants' Statement:**

On September 15, 2004, an initial Rule 26(f) conference was held by teleconference in this action and two related actions -- *Compression Labs, Inc. v. Agfa Corp. et al.*, 2:04-CV-158 (DF) (E.D. Tex.) (the "*Agfa* Action") and *Agfa Corp et al. v. Compression Labs, Inc. et al.*, C.A. No. 04-818 (SLR) (D. Del.) (the "Delaware Action").  Defendants in *Compression Labs, Inc. v. Acer America Corp. et al.*, 2:04-CV-294-DF (E.D. Tex.) ("the *Acer* Action") were not consulted and did not participate in the initial Rule 26(f) conference.  The following attorneys participated in the conference on behalf of Defendants:  David Weaver and Brian Buss for Dell; Eric Albritton, Keith Hummel and Amy Candido for IBM; and Denise DeMory for Toshiba.  CLI's Delaware counsel and counsel for GI, the co-owner of the '672 Patent and a defendant in the Delaware Action, also participated in the initial Rule 26(f) conference.

In advance of the initial Rule 26(f) teleconference, the parties exchanged a number of proposals, including proposed case schedules, proposed discovery limitations and proposed protective orders.  CLI's current proposed schedule is attached hereto as Exhibit A.[3] Defendants' current proposed schedule is attached hereto as Exhibit B.  The parties' proposals were discussed during the initial Rule 26(f) teleconference on September 15, 2004.  The teleconference was then adjourned so that each side could further consider the proposals of the other side and consider potential modifications to their own proposals.  Defendants intend to continue to meet and confer pursuant to Rule 26(f) until the parties have reached agreement on the protective order and suitable limitations on discovery, or have determined that further discussions will not be fruitful.

---

[3] CLI has added to and/or amended several of its proposals, including its proposed schedule, since the September 15, 2004 initial Rule 26(f) conference.  As such, several of CLI's present proposals, as set forth in this Report, were not discussed at the initial Rule 26(f) conference.

Because the Rule 26(f) conference has not concluded and because the Court has scheduled a Management Conference for October 4, 2004, Defendants believe the submission of a Final Rule 26(f) Report is premature. Instead, Defendants respectfully suggest the parties should wait until after the October 4, 2004 Management Conference to conclude their Rule 26(f) conference and formally submit their Final Rule 26(f) Report. Indeed, with some guidance from the Court, the parties may reach agreement on a substantial number of issues. However, to assist the Court in conducting the October 4 Management Conference, Defendants submit their initial proposals on case scheduling and discovery limitations for the Court's consideration. Defendants also object that many of CLI's proposals on case scheduling and discovery limitations are unreasonable and impossible to satisfy given the complexity of this action.

The parties' ability to meet and confer has also been complicated by CLI's motion to stay discovery in the related Delaware Action. CLI argues that "merits discovery" should not proceed in the Delaware Action until the Delaware court resolves CLI's motion to dismiss that case. Because Defendants believe that CLI's reasoning applies equally to this case, Defendants have moved for a protective order staying discovery pending resolution of Defendants' motion to dismiss in this case. With guidance from the Court on this and other issues, Defendants respectfully suggest that the parties will be better able to reach consensus on issues relating to scheduling and discovery limitations.

Thus, Defendants respectfully suggest that the parties continue to meet and confer after the October 4, 2004 Management Conference and submit a Final Rule 26(f) Report when those discussions are completed.

3.    **Related Cases**

There are presently eight related cases -- three pending in the Marshall Division of the Eastern District of Texas; three pending in the District of Delaware; and two pending in the Northern District of California.  These cases are as follows:

i.    *Compression Labs, Inc. v. Agfa Corp. et al.*, 2:04-CV-158-DF (E.D. Tex.) (the "*Agfa* Action");

ii.    *Compression Labs, Inc. v. Dell Inc. et al.*, 2:04-CV-159-DF (E.D. Tex.) (the "*Dell* Action" or "this action");

iii.    *Compression Labs, Inc. v. Acer America Corp. et al.*, 2:04-CV-294-DF (E.D. Tex.) (the "*Acer* Action");

iv.    *Agfa Corp. et al. v. Compression Labs, Inc., et al.*, C.A. No. 04-818 (SLR) (D. Del.);

v.    *Yahoo! Inc. v. Compression Labs, Inc., et al.*, C.A. No. 04-918 (SLR) (D. Del.);

vi.    *Audiovox Corp. et al. v. Compression Labs, Inc. et al.*, C.A. No. 04-1293 (D. Del.);

vii.    *Sun Microsystems, Inc. v. Compression Labs, Inc.*, Case No. 3:04-CV-3124 (PJH) (N. D. Cal.); and

viii.    *Google Inc. v. Compression Labs, Inc. et al.*, Case No. 04-CV-3934 (CW) (N.D. Cal.).

4.    **Discovery/Case Management Plan**

The parties have not been able to reach agreement on a discovery/case management plan. CLI's positions on the discovery/case management subjects are set forth below.

As discussed above, Defendants believe the parties should continue to meet and confer after the October 4, 2004 Management Conference and submit a Final Rule 26(f) Report when those discussions are completed. However, because CLI has set forth its position in this Report, Defendants offer their initial views below.

**A.      Initial Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties served their initial disclosures on September 29, 2004.

**B.      Depositions of Fact Witnesses**

The parties agree that deposition discovery of fact witnesses in this action will be coordinated with the deposition discovery of fact witnesses in *Compression Labs, Inc. v. Agfa Corp. et al.,* C. A. No. 1-04-CV-158 (DF) (E.D. Tex.) (the "*Agfa* Action") and *Agfa Corp. et al. v. Compression Labs, Inc., et al.,* C.A. No. 04-818 (SR) (D. Del.) (the "Delaware Action"). All depositions of fact witnesses should be noticed to all parties in this action, the *Agfa* Action and the Delaware Action.

**1.      Plaintiff's Position:**

Plaintiff proposes 150 hours for depositions of the Defendants under Fed. R. Civ. P. 30(b)(6), and 100 hours for depositions of nonparties. Plaintiffs propose that the Defendants be allowed 70 hours for deposition of the Plaintiff under Fed. R. Civ. P. 30(b)(6) and 180 hours of nonparty depositions.

**2.      Defendants' Position:**

Plaintiff's present proposal was not discussed during the September 15, 2004 initial Rule 26(f) conference. Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject:

The Plaintiff in this action and the *Agfa* Action shall have 2,065 hours of deposition time to use for any fact witness, including Rule 30(b)(6) witnesses, party witnesses and non-party witnesses. Each Defendant and its current employees, including Rule 30(b)(6) witnesses, may be deposed by Plaintiffs for no more than 35 total hours of deposition time. Defendants in this action and the *Agfa* Action shall share 1,260 hours of deposition time to use for any fact witness, including Rule 30(b)(6) witnesses, party witnesses and non-party witnesses. Plaintiff and its current employees, including Rule 30(b)(6) witnesses, may be deposed by Defendants in this action and the *Agfa* Action for no more than 70 hours of total deposition time.

Fact depositions taken by Plaintiffs in the Delaware Action shall count against Defendants' shared 1,260 hours of deposition time for fact witnesses in this action and the *Agfa* Action. Fact depositions taken by Defendants in the Delaware Action shall count against Plaintiff's shared 2,065 hours of deposition time for fact witnesses in this action and the *Agfa* Action.

### C.    Depositions of Expert Witnesses

#### 1.    Plaintiff's Position:

Plaintiff proposes that the Plaintiff shall have 14 hours of deposition time for each expert designated by the Defendants. To the extent that an expert offers an opinion specific or unique to a particular Defendant, the Plaintiff shall have one additional hour of deposition time with that expert.

Defendants shall share 14 hours of deposition time for each expert designated by the Plaintiff. In addition to these 14 hours, to the extent that an expert offers an opinion specific or

unique to a particular Defendant, that Defendant shall have one additional hour of deposition time with that expert.

### 2.      Defendants' Position:

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject:

Plaintiff shall have 14 hours of deposition time for each expert designated by the Defendants in this action, regardless of the number of Defendants that designate that expert.

Defendants in this action shall share 14 hours of deposition time for each expert designated by the Plaintiff.  In addition to these 14 hours, to the extent that an expert offers an opinion specific or unique to a particular Defendant in this action, that Defendant shall have an additional 3 hours of deposition time with that expert.

### D.      Interrogatories

### 1.      Plaintiff's Position:

Plaintiff proposes that much of the information that would otherwise be obtained through interrogatories be produced via mandatory disclosures.

With respect to interrogatories, however, Plaintiff requests 30 common interrogatories which each Defendant will separately answer.  In addition, Plaintiff will have an additional 5 interrogatories to ask of each Defendant.  Plaintiff proposes that Defendants share 30 joint and common interrogatories which Defendants will propound together.  In addition, each Defendant will have an additional 5 interrogatories to ask of each Plaintiff.

**2.     Defendants' Position:**

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject:

Plaintiff shall have 30 joint and common interrogatories which each Defendant will separately answer.  In addition, Plaintiff may direct an additional 10 interrogatories to each Defendant.

Defendants in this action shall share 30 joint and common interrogatories which Defendants will propound together.  In addition, each Defendant in this action may direct an additional 10 interrogatories to Plaintiff.

**E.     Requests for Admission**

**1.     Plaintiff's Position:**

Plaintiffs propose 50 common requests for admission which each Defendant will separately answer.  In addition, Plaintiff will have an additional 5 requests to make of each Defendant.  Defendants shall share 50 joint and common requests for admission which Defendants will propound together.  In addition, each Defendant will have an additional 5 requests to make of the Plaintiff.

**2.     Defendants' Position:**

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject:

Plaintiff shall have 50 joint and common requests for admission which each Defendant will separately answer.  In addition, Plaintiff may direct an additional 10 requests for admission to each Defendant.

Defendants in this action shall share 50 joint and common requests for admission which Defendants will propound together and which Plaintiff will separately answer. In addition, each Defendant in this action may direct an additional 10 requests for admission to Plaintiff.

### F.    Requests for Documents

The parties agree that document discovery in this action will be coordinated with the document discovery in the *Agfa* Action and the Delaware Action. All documents produced by any party or non-party in this action, the *Agfa* Action or the Delaware Action shall be treated as if such documents were produced in this action, the *Agfa* Action and the Delaware Action, irrespective of whether the document request or subpoena pursuant to which such documents were produced was captioned in this action, the *Agfa* Action or the Delaware Action.

### G.    Mandatory Disclosures

#### 1.    Plaintiff's Position:

Plaintiff proposes that the Court require the parties to disclose the following information without a discovery request:

##### a.    *Disclosure of Asserted Claims and Preliminary Infringement Contentions*

By the date set forth in the scheduling order, any party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of

each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)**  A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)**  Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)**  For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)**  If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified in disclosures, whichever is earlier; and

(c) A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

b.      *Preliminary Invalidity Contentions*

By the date set forth in the scheduling order, each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and

publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

> **(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and
>
> **(b)** A copy of each item of prior art identified in disclosures which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

### 2.    Defendants' Position:

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject:

Defendants oppose mandatory disclosures beyond those set forth in Fed. R. Civ. P. 26(a)(1).

### H.    Experts

The parties agree that the Plaintiff in this action shall be limited to six expert witnesses, and the Defendants in this action collectively shall be limited to six expert witnesses.

### I.    Proposed Scheduling Orders

### 1.    Plaintiff's Position:

CLI's proposed scheduling order is attached as Exhibit A.

### 2.    Defendants' Position:

Defendants' proposed scheduling order is attached as Exhibit B.

## 5.    <u>Electronic Service</u>

The parties agree as follows:  Any document, motion or pleading which must be served by a party (that is, any document, motion or pleading which was not filed and served electronically in accordance with Local Rule CV-5(a)) shall be served on all counsel of record by email.  Any portion of a document, motion or pleading which cannot be served completely by email shall be served on all counsel of record by overnight courier (*e.g.*, Federal Express or UPS) on the date the other portion of the document, motion or pleading was served via email. These service terms do not apply to the actual production of documents in discovery.

6.    **Suggested Date of Pretrial Conference**

    **A.    Plaintiff's Position:**

Plaintiff requests a pretrial conference for an October 2005 trial date.

    **B.    Defendants' Position:**

Defendants request a pretrial conference for an October 2006 trial date.

7.    **Expected Length of Trial**

    **A.    Plaintiff's Position:**

Plaintiff anticipates that presentation of its case will take four (4) days, excluding jury selection.

    **B.    Defendants' Position:**

While difficult to predict at this stage, Defendants approximate that trial in this case will take ten (10) trial days, excluding jury selection.

8.    **Trial Before a Magistrate Judge**

The parties do not consent to trial before a magistrate judge.

9.    **Jury Demand**

A jury demand has been made.

10.   **Conference with the Court Pursuant to Fed. R. Civ. P. 16(b)**

**A.    Plaintiff's Position:**

Plaintiff requests a conference of the parties.

**B.    Defendants' Position:**

Defendants request a conference with the Court pursuant to Fed. R. Civ. P. 16(b) before entry of the scheduling order.

**11.    Protective Order**

The parties will submit a proposed Stipulated Protective Order for the Court's approval.

**12.    Technical Advisor**

**A.    Plaintiff's Position:**

At present, CLI does not believe that appointment of a technical adviser is necessary. However, in the event that the Court decides to appoint a Technical Advisor, Plaintiff proposes that the Court utilize the following selection process:

Within 15 days after the Rule 26(f) Scheduling Conference, each side shall exchange names of up to 5 technical advisor candidates. After this exchange, the parties shall have 10 days to meet and confer on the candidates. After the meet and confer process is complete, the parties shall have 15 days to jointly contact the candidates to discuss the candidate's credentials, willingness to participate, conflicts, *etc.* The parties shall not have any *ex parte* contact with potential candidates. Each side shall have 5 additional days to nominate up to 3 candidates from the original exchange of names that they believe should be considered by the Court. After the names have been submitted to the Court, each side shall have 5 days to file objections to the other side's nominations. If any objections are filed, the side proposing the candidate shall have 5 days to file a response.

**B.    Defendants' Position:**

In the event that the Court decides to appoint a Technical Advisor, Defendants will confer with Plaintiff to agree upon an appropriate selection process.

**13.   <u>Mediation</u>**

  **A.     Plaintiff's Position:**

Plaintiff proposes the parties use the services of Judge Robert M. Parker in this case.

  **B.     Defendants' Position:**

Defendants are willing to consider the possibility of mediation.  However, because CLI has not previously proposed Judge Parker as a mediator and Defendants have not yet had an opportunity to confer, Defendants cannot respond to CLI's proposal at this time.

**14.   <u>Bifurcation</u>**

  **A.     Plaintiff's Position:**

Plaintiff does not believe that bifurcation of issues for trial can meaningfully be assessed at this point in the litigation.  Plaintiff opposes Defendants' proposed bifurcation of willful infringement expressed below.

  **B.     Defendants' Position:**

Defendants propose that the issue of willful infringement be bifurcated and tried separately from the other issues in this action.  Defendants propose that, if necessary, discovery and a trial on willful infringement take place after the completion of the primary trial on patent infringement.

**15.   <u>Pending Motions</u>**

There are two pending motions:  (1) Defendants' Joint Motion to Dismiss for Failure to Join All Co-Owners of the Patent-In-Suit and for Failure to Join an Indispensable Party Pursuant to Fed. R. Civ. P. 12(b)(7), which is fully briefed; and (2) Defendants' Joint Motion for a

Protective Order Staying Discovery Pending Resolution of Defendants' Joint Motion to Dismiss,

which was filed on September 27, 2004 and is not fully briefed.


Dated:  September 30, 2004

                              Respectfully submitted on behalf of Defendants,

                              _____

                              Eric M. Albritton
                              Attorney-in-Charge
                              Texas State Bar No. 00790215
                              Albritton Law Firm
                              P.O. Box 2649
                              Longview, Texas 75606
                              (903) 757-8449 (phone)
                              (903) 758-7397 (fax)
                              eric@albrittonlawfirm.com

                              *Attorney for Defendant International Business Machines Corporation*

                              Willem G. Schuurman
                              Attorney-in-Charge
                              Texas State Bar No. 17855200
                              David B. Weaver
                              Texas State Bar No. 00798576
                              Vinson & Elkins
                              The Terrace 7
                              2801 Via Fortuna
                              Suite 100
                              Austin, Texas 78746
                              (512) 542-8651 (phone)
                              (512) 236-3476 (fax)
                              bschuurman@velaw.com
                              dweaver@velaw.com

Deron Dacus
Texas State Bar No. 00790553
Ramey & Flock
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301 (phone)
(903) 597-2413 (fax)
ddacus@rameyflock.com

*Attorneys for Defendant Dell Inc.*

Harry L. "Gil" Gillam, Jr.
Attorney-in-Charge
Texas State Bar No. 07921800
Gillam & Smith L.L.P.
110 South Bolivar, Suite 204
Marshall, Texas 75670
(903) 934-8450 (phone)
(903) 934-9257 (fax)
gil@gillamsmithlaw.com

*Attorney for Defendant Toshiba America, Inc.*

Of Counsel:

Cravath, Swaine & Moore LLP
Keith R. Hummel
Amy H. Candido
825 Eighth Avenue
New York, NY 10019
(212) 474-1772 (phone)
(212) 474-3700 (fax)
khummel@cravath.com
acandido@cravath.com

*Attorney for Defendant International Business Machines Corporation*

Howrey Simon Arnold & White, LLP
Henry C. Bunsow
Denise De Mory
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4946 (phone)
(415) 848-4999 (fax)
bunsowh@howrey.com
demoryd@howrey.com

*Attorneys for Defendant Toshiba America, Inc.*

Respectfully Submitted on Behalf of the Plaintiff,


/s/ Stephen G. Rudisill (by permission Wesley Hill)

Stephen G. Rudisill (Attorney-in-charge)
Tex. Bar. No. 17376050
John C. Gatz
Ill. Bar No. 6237140
Russell J. Genet
Ill. Bar No. 6255982
Justin D. Swindells
Ill. Bar No. 6257291
JENKENS & GILCHRIST
225 West Washington St., Ste. 2600
Chicago, IL 60606
Tel:  (312) 425-3900
Fax:  (312) 425-3909
Email:  srudisill@jenkens.com

OF COUNSEL:

Otis W. Carroll
Tex. Bar No. 03895700
Wesley Hill
Tex. Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email:  fedserv@icklaw.com

Franklin Jones, Jr.
Tex. Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

S. Calvin Capshaw
Tex. Bar No. 03783900
Elizabeth L. DeRieux
Tex. Bar. No. 05770585
BROWN McCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com

ATTORNEYS FOR PLAINTIFF