**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Compression Labs, Incorporated, ) | |
| ) | |
| *Plaintiff*, ) | |
| v.                                        ) | C.A. No. 2:04-CV-159 (DF) |
| ) | |
| Dell, Inc., et al.,                      ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendants*.                       ) | |

**JOINT REPORT CONCERNING DISCOVERY AND SCHEDULING**

Pursuant to the Court's instructions at the case management conference held on October 4, 2004, the parties submit this joint report. The parties have reached agreement on a number of issues – the remaining areas of disagreement are discussed below. In light of the continued disagreement concerning scheduling and discovery limits, the parties respectfully request a Rule 16(b) conference.

**I.   DESCRIPTION OF THE CASE**

The parties supplied the Court with their own statements of the case in the Joint Conference Report submitted on September 30, 2004.

**II.   DISCOVERY**

    **a.   Initial Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties served their initial disclosures by September 29, 2004.

    **b.   Depositions of Fact Witnesses**

The parties have previously agreed that deposition discovery in this action will be coordinated with the deposition of fact witnesses in the *Agfa* and *Acer* actions, as well as the Delaware action. All depositions of fact witnesses should be noticed to all parties in this action, the *Agfa* and *Acer* actions, as well as the Delaware action.

The Plaintiff proposes it have 150 hours for depositions of the Defendants in the *Agfa, Dell* and *Acer* cases under Fed. R. Civ. P. 30(b)(6), and 100 hours for depositions of nonparties, for a total of 250 hours. The Defendants do not oppose these limits. However, Defendants would not oppose 500 hours of deposition time for the Plaintiff (with no more than 150 hours being used for depositions of the Defendants pursuant to Rule 30(b)(6)), which is the number of hours the Defendants request.

The Defendants propose that they have a total of 500 hours of deposition time, 70 hours of which can be used for the deposition of the Plaintiff under Fed. R. Civ. P. 30(b)(6). The Plaintiff concurs that 70 hours of deposition of it under Fed. R. Civ. P. 30(b)(6) is appropriate, but contends that the Defendants should be limited to 180 hours for third party depositions plus any unused portion of the 70 hours allotted for the Defendants' deposition of the Plaintiff.

    **c. Depositions of Expert Witnesses**

The parties agree that the Plaintiff shall have 14 hours of deposition time for each expert designated by the Defendants. To the extent that an expert offers an opinion specific or unique to a particular Defendant, the parties agree that the Plaintiff shall also have a specified additional amount of deposition time with that expert for each Defendant. The parties also agree that Defendants shall share 14 hours of deposition time for each expert designated by the Plaintiff. In addition to these 14 hours, to the extent that an expert offers an opinion specific or unique to a particular Defendant, that Defendant shall have a specified additional amount of deposition time with that expert.

1

The parties are unable to agree on the amount of this additional specified time – Plaintiff proposes one (1) hour per additional defendant the opinion is offered for or against, and Defendants propose three (3) hours additional per defendant. The Defendants reserve the right to request more than 3 hours of individual examination based on the facts and circumstances of the case at the time.

### d. Interrogatories

The parties agree that the Plaintiff may submit 30 common interrogatories which each Defendant will separately answer. In addition, Plaintiff will have an additional five interrogatories to ask of each Defendant.

Plaintiff proposes that all Defendants in the *Agfa, Dell* and *Acer* cases will share 30 joint and common interrogatories which Defendants will propound together. In addition, each Defendant will have an additional five interrogatories to ask of each Plaintiff.

Defendants propose that the co-defendants in each case share 30 joint and common interrogatories, which these co-defendants will propound together. In addition, each Defendant will have an additional five interrogatories to ask of each Plaintiff.

### e. Requests for Admission

The parties agree that the Plaintiff may propose 50 common requests for admission which each Defendant will separately answer. In addition, Plaintiff will have an additional five requests to make of each Defendant.

Plaintiff proposes that Defendants in the *Agfa, Dell* and *Acer* cases shall share 50 joint and common requests for admission which Defendants will propound together. In addition, each Defendant will have an additional five requests to make of the Plaintiff.

Defendants propose that the co-defendants in each case share 50 joint and common requests for admissions, which these co-defendants will propound together. In addition, each Defendant will have an additional five requests to make of each Plaintiff.

### f. Requests for Documents

The parties agree that document discovery in this action will be coordinated with the document discovery in the *Agfa* and *Acer* Actions, as well as the Delaware Action. All documents produced by any party or non-party in this action, the *Agfa* and *Acer* Actions or the Delaware Action shall be treated as if such documents were produced in this action, the *Agfa* and *Acer* Actions, as well as the Delaware Action, irrespective of whether the document request or subpoena pursuant to which such documents were produced was captioned in this action, the *Agfa* and *Acer* Actions or the Delaware Action.

### g. Mandatory Disclosures

The parties agree to the Plaintiff providing "Asserted Claims and Preliminary Infringement Contentions," as defined below, on the date set forth in the Scheduling Order. Additionally, the parties agree to the Defendants providing "Preliminary Invalidity Contentions," as defined below, on the date set forth in the Scheduling Order. The Defendants do not agree that they must disclose documents without a document request pursuant to Rule 34 of the Federal Rules of Civil Procedure, as proposed by the Plaintiff below.

### 1. "Disclosure of Asserted Claims and Preliminary Infringement Contentions"

"Disclosure of Asserted Claims and Preliminary Infringement Contentions" means that the Plaintiff must provide the following separately for each defendant:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;
**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or

3

process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

2.      **"Preliminary Invalidity Contentions"**

"Preliminary Invalidity Contentions" means that the Defendants must provide the

following:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

3.      **Plaintiff's Proposed Mandatory Document Disclosures**

The Plaintiff proposes that it must produce to each opposing party or make available for inspection and copying the following information with its "Disclosure of Asserted Claims and Preliminary Infringement Contentions:"

**(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;
**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified in disclosures, whichever is earlier; and
**(c)** A copy of the file history for each patent in suit.

The Plaintiff shall separately identify by production number which documents correspond to each category.

The Plaintiff proposes that each Defendant must produce or make available for inspection and copying the following items with its "Preliminary Invalidity Contentions:"

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and
**(b)** A copy of each item of prior art identified in disclosures which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

      h.  **Experts**

The parties agree on a limit of six expert witnesses per side.

**III.**  **SCHEDULING**

A chart combining the parties' scheduling proposals is attached as Exhibit A. "Clean" copies of the parties' proposed schedules are attached as Exhibits B and C.

**IV.**  **OTHER PROVISIONS**

    a.  *Markman* provisions

      1.    "Preliminary Claim Constructions and Extrinsic Evidence"

"Preliminary Claim Constructions and Extrinsic Evidence" means a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes, and, for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that element. The parties shall also simultaneously exchange a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

2. **"Joint Claim Construction and Prehearing Statement"**

The Plaintiff proposes that the parties file a "Joint Claim Construction and Prehearing Statement," which means a report containing the following information:
(a) The construction of those claim terms, phrases, or clauses on which the parties agree;
(b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;
(c) The anticipated length of time necessary for the Claim Construction Hearing;
(d) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and
(e) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

b. **Technical Adviser or Special Master**

Plaintiff does not believe that appointment of a technical adviser or special master is necessary. The Defendants defer to the Court as to the necessity of a technical advisor or special master and take no position about whether either should be utilized.

However, the parties propose that the Court utilize the following selection process for a technical adviser or special master, in the event the Court deems one to be necessary in this case:

By November 8, 2004, or 21 days following the Rule 16(b) scheduling conference, whichever is later, each side shall exchange names of up to 5 candidates for the position of

6

technical advisor and/or special master.  After this exchange, the parties shall have until November 19, 2004, or 32 days following the Rule 16(b) scheduling conference, whichever is later, to jointly contact the candidates to discuss the candidate's credentials, willingness to participate, conflicts, *etc.*  The parties shall not have any *ex parte* contact with potential candidates.  If more than 3 candidates proposed by a side are disqualified due to an unwillingness to participate or a conflict, that side may propose additional candidates to be jointly contacted by both sides until that side has identified 2 candidates that are willing and able to participate, or until 54 days following the Rule 16(b) scheduling conference, whichever is earlier.  Once at least 2 candidates per side who are willing and able to participate have been identified, each side shall have 5 business days to select up to 2 candidates from the list of willing and available proposed candidates to be submitted to the Court for consideration.  After the names have been submitted to the Court, each side shall have 10 business days to file objections to the other side's nominations.  If any objections are filed, the side proposing the candidate shall have 5 business days to file a response.

      **c.**    **Mediation**

The parties have agreed to mediation before the Hon. Robert M. Parker in this case.  A proposed order appointing Judge Parker is attached as Exhibit D.

**V.**    **BIFURCATION**

Defendants dispute the appropriateness of the joinder of all Defendants in a single case.  Defendants reserve the right to seek separate trials on some or all issues at the appropriate time.  Furthermore, Defendants reserve the right to request that the issue of willful infringement be bifurcated and tried separately from the other issues in this case.  Defendants also reserve the right to request that discovery and a trial on willful infringement take place after the completion of the primary trial on patent infringement and other liability issues.

|  |  |
|---|---|
|  | Respectfully submitted on behalf of the Plaintiff, |
|  | Compression Labs, Inc. |
| Dated: October 18, 2004 | By: /s/ Stephen G. Rudisill (by perm. Wesley Hill) |

        Stephen G. Rudisill (*attorney-in-charge*)
            Illinois Bar No.: 2417049
            Texas Bar No.: 17376050
            srudisill@jenkens.com
        John C. Gatz
            Illinois Bar  No.: 6237140
            jgatz@jenkens.com
        Russell J. Genet
            Illinois Bar No.:6255982
            rgenet @jenkens.com
        Justin D. Swindells
            Illinois Bar No.: 6257291
            jswindells@jenkens.com
        JENKENS & GILCHRIST, P.C.
        225 West Washington Street, Suite 2600
        Chicago, Illinois  60606
        Tel.    (312) 425-3900
        Fax    (312) 425-3909

        S. Calvin Capshaw III
            Texas Bar No.: 03783900
            ccapshaw@mailbmc.com
        BROWN, McCARROLL, L.L.P.
        1127 Judson Road, Suite 220
        Longview, Texas  75601-5157
        Tel.    (903) 236-9800
        Fax.    (903) 236-8787

        Franklin Jones, Jr.
            Texas Bar No.: 00000055
            maiezieh@millerfirm.com
        JONES & JONES, Inc., P.C.
        201 West Houston Street (75670)
        P.O. Drawer 1249
        Marshall, Texas  75670-1249
        Tel.    (903) 938-4395
        Fax.    (903) 938-3360

        Otis Carroll
            Texas Bar No.: 03895700

                Jack Wesley Hill
                      Texas Bar No.: 24032294
                      nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas  75703
Tel.   (903) 561-1600
Fax.   (903) 581-1071

ATTORNEYS FOR PLAINTIFF

Respectfully Submitted on behalf of all Defendants,


 /s/ Eric M. Albritton (by perm. Wesley Hill)
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

*Attorney for Defendant International Business Machines Corporation*

Willem G. Schuurman
Attorney-in-Charge
Texas State Bar No. 17855200
David B. Weaver
Texas State Bar No. 00798576
Vinson & Elkins
The Terrace 7
2801 Via Fortuna
Suite 100
Austin, Texas 78746
(512) 542-8651 (phone)
(512) 236-3476 (fax)
bschuurman@velaw.com
dweaver@velaw.com

Deron Dacus
Texas State Bar No. 00790553
Ramey & Flock
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301 (phone)
(903) 597-2413 (fax)
ddacus@rameyflock.com

*Attorneys for Defendant Dell Inc.*

10

        Harry L. "Gil" Gillam, Jr.
        Attorney-in-Charge
        Texas State Bar No. 07921800
        Gillam & Smith L.L.P.
        110 South Bolivar, Suite 204
        Marshall, Texas 75670
        (903) 934-8450 (phone)
        (903) 934-9257 (fax)
        gil@gillamsmithlaw.com

        *Attorney for Defendant Toshiba America, Inc.*

Of Counsel:

Cravath, Swaine & Moore LLP
Keith R. Hummel
Amy H. Candido
825 Eighth Avenue
New York, NY 10019
(212) 474-1772 (phone)
(212) 474-3700 (fax)
khummel@cravath.com
acandido@cravath.com

*Attorney for Defendant International Business Machines Corporation*


Howrey Simon Arnold & White, LLP
Henry C. Bunsow
Denise De Mory
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4946 (phone)
(415) 848-4999 (fax)
bunsowh@howrey.com
demoryd@howrey.com

*Attorneys for Defendant Toshiba America, Inc*

11

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 18th day of October, 2004.

/s/ Wesley Hill
Wesley Hill