IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COMPRESSION LABS, INC.,<br><br>            Plaintiff,<br><br>    -against-<br><br>1. DELL INC.,<br>2. INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>3. TOSHIBA AMERICA, INC.,<br>4. TOSHIBA AMERICA CONSUMER PRODUCTS LLC,<br>5. TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br>6. TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.,<br><br>            Defendants. | C. A. No. 2:04-CV-159-DF |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S SUPPLEMENTAL SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN ALL CO-OWNERS OF THE PATENT-IN-SUIT AND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY PURSUANT TO FED. R. CIV. P. 12(b)(7)**

    The undersigned Defendants (collectively "Defendants") respectfully submit this Response to Plaintiff's Supplemental Surreply dated October 20, 2004. Plaintiff Compression Labs, Inc. ("CLI") consented to Defendants' filing of such a response when Defendants agreed not to oppose CLI's motion for leave to file its supplemental surreply. Defendants' Response is necessary to address the new matter raised in CLI's supplemental surreply.

    When CLI filed its complaint in this action, it was not the sole owner of the patent-in-suit. Despite the well-established rule requiring joinder of all co-owners of the patent-in-suit, CLI chose not to join its co-owner, General Instrument Corp. ("GI"). CLI's decision not

to join GI rendered this lawsuit defective as a matter of substantive patent law.  See, e.g., Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 145, 1467 (Fed. Cir. 1998) ("[a]n action for infringement must join as plaintiffs all co-owners"); Int'l. Nutrition Co. v. Horphag Research Ltd., 247 F.3d 1324, 1331 (Fed. Cir. 2001) (holding that the right to bring suit for patent infringement is governed by federal patent law, which requires all co-owners to join as plaintiffs).  Therefore, Defendants have moved to dismiss this action for infringement of U.S. Patent No. 4,698,672 (the "'672 patent") for failure to join all co-owners of the patent-in-suit and for failure to join an indispensable party pursuant to Fed. R. Civ. 12(b)(7).

After the briefing on Defendants' Motion to Dismiss was complete and almost six months after CLI's original complaint was filed, CLI obtained a purported assignment of GI's rights in the '672 patent on October 6, 2004.  In reliance on that assignment, CLI now argues that Defendants' Motion to Dismiss is "moot" because, according to CLI, GI is now no longer a co-owner.  However, even if CLI is correct and GI no longer retains any right, title or interest in and to the patent-in-suit, binding precedent still requires dismissal.

Neither the October 6, 2004 assignment, CLI's supplemental surreply nor its "Amended Complaint"[1] can rescue CLI's defective original complaint.[2]  In an action for patent infringement, if the plaintiff lacks standing to sue as a matter of substantive patent law, the court

---

[1] CLI filed an "Amended Complaint" that adds new parties and discreetly pleads several new facts.  The critical change is CLI's allegation that it is "the sole owner of the '672 patent"; the original complaint describes CLI as a "co-owner".  This change in the pleading is based upon "transactions or occurrences or events which have happened" after the date of the original complaint, which makes the pleading a supplemental complaint under Fed. R. Civ. P. 15(d).  Rule 15(d) requires CLI to seek leave of this Court to supplement its complaint and Local Court Rule CV-7(h) requires CLI to confer with the Defendants -- both of which CLI never did.

[2] Because CLI's original complaint is defective and cannot be cured by amendment, the Delaware action filed in July 2004 is the first properly-filed case and would have priority over any new complaint filed by CLI.

lacks jurisdiction. See Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("The question of standing to sue [for patent infringement] is a jurisdictional one"); Mentor H/S Inc. v. Med. Device Alliance, Inc., 240 F.3d 1016, 1019 (Fed. Cir. 2001) (raising the jurisdictional issue sue sponte and holding that the issue of whether plaintiff "has sufficient rights in a patent to bring suit in its own name is jurisdictional and, therefore [cannot] be waived").[3] CLI claims that the premise of Defendants' Motion to Dismiss "has now vanished" because GI is no longer a co-owner. CLI is wrong. Jurisdictional defects cannot be cured by amendment. When CLI filed this action, CLI did not join its co-owner GI and thus lacked both standing and jurisdiction. (See Defs' Mot. To Dismiss at 6-7).

The Supreme Court, the Federal Circuit and the Fifth Circuit have all held that federal court jurisdiction depends on the facts as they existed when the original complaint was filed and a plaintiff cannot retroactively create jurisdiction where it did not previously exist. In Newman-Green, Inc. v. Alfonzo-Larrain, for example, the Supreme Court held that the existence of federal jurisdiction is determined "on the facts as they exist when the complaint is filed" and defects in jurisdictional facts cannot be cured via an amended complaint. 490 U.S. 826, 830-31 (1989); see also Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986) (federal jurisdiction cannot be created "retroactively where it did not previously exist"). Where a complaint is amended to plead new facts, the proper course of action is for the complaint to be dismissed. An amended complaint is not effective if the plaintiff did not originally have the

---

[3] In the related case Compression Labs, Inc. v. Acer Am. Corp. et al., C.A. No. 2:04-CV-294-DF, CLI incorrectly argues that GI's absence involves standing and "the presence or absence of GI is not a question of jurisdiction". (Docket No. 84 at 2) (emphasis added). CLI's argument, however, ignores binding authority. See, e.g., Gaia Technologies, Inc. v. Reconversion Technologies, Inc., 93 F.3d 774, 777 (Fed. Cir. 1996) ("The question of a party's standing to bring a [patent infringement] case is a jurisdictional one which we review de novo.").

ability to bring the suit and any amended pleading that asserts new claims upon which the plaintiff can recover "has the characteristics of a new lawsuit rather than an amended complaint". Aetna Casualty & Surety Co., 796 F.2d at 774 (internal quotation marks omitted).

   This rule applies with equal -- if not greater -- force in an action for patent infringement. In Gaia Technologies, Inc. v. Reconversion Technologies, Inc., the Federal Circuit held that a patent assignment executed after the plaintiff filed its infringement suit was insufficient "to confer standing on Gaia retroactively." 93 F.3d 774, 779 (Fed. Cir. 1996). The rationale behind this universal prohibition against retroactively creating jurisdiction is clear:

> As a general matter, parties should possess rights before seeking to have them vindicated in court. <u>Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue</u>. Parties could justify the premature initiation of an action by averring to the court that their standing through assignment is imminent.

Id. at 780 (emphasis added). CLI has done here precisely what the Federal Circuit condemned in Gaia Technologies.[4]

   CLI's mootness argument ignores the fact that substantive patent law required CLI to bring suit with GI in its original complaint. CLI failed to include GI and, as the Federal Circuit has stated, a subsequent patent assignment cannot cure defective jurisdictional facts in the original pleading because allowing such would "would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignments in order to expand their arsenal and the scope of litigation." Id.; see also Minneapolis & St. Louis R.R. Co.

---

[4] None of the cases cited by CLI support the proposition that a belated restructuring of interests can retroactively cure standing or jurisdiction defects under substantive patent law. See, e.g., IBM v. Conner Peripherals, Inc., 30 U.S.P.Q.2d 1315, 1317 (N.D. Cal. 1994) ("All co-owners of a patent must join in bringing a suit for infringement."). (See Supplemental Surreply at 3-4.)

v. Peoria & Pekin Union Ry. Co., 270 U.S. 580, 586 (1926) ("The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought.").

CLI's Patent Assignment is thus irrelevant to the merits of Defendants' Motion to Dismiss. If anything, by securing the Patent Assignment and filing its amended pleadings, CLI has acknowledged that it lacked standing when it originally filed suit. CLI is simply not permitted, under Federal Circuit precedent, to amend and to allege its purported subsequently acquired standing. See Gaia Technologies, 93 F.3d at 779-80; Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090, 1093-94 (Fed. Cir. 1998) (holding patent assignment executed after suit was brought "not sufficient to confer retroactive standing" and vacating court's entry of judgments on the merits). Accordingly, this action should be dismissed for failure to join GI.

Dated: November 4, 2004

_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

*Attorney for Defendant International Business Machines Corporation*

5

Willem G. Schuurman
Attorney-in-Charge
Texas State Bar No. 17855200
David B. Weaver
Texas State Bar No. 00798576
Vinson & Elkins
The Terrace 7
2801 Via Fortuna
Suite 100
Austin, Texas 78746
(512) 542-8651 (phone)
(512) 236-3476 (fax)
bschuurman@velaw.com
dweaver@velaw.com

Deron Dacus
Texas State Bar No. 00790553
Ramey & Flock
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301 (phone)
(903) 597-2413 (fax)
ddacus@rameyflock.com

*Attorneys for Defendant Dell Inc.*

Harry L. "Gil" Gillam, Jr.
Attorney-in-Charge
Texas State Bar No. 07921800
Gillam & Smith L.L.P.
110 South Bolivar, Suite 204
Marshall, Texas 75670
(903) 934-8450 (phone)
(903) 934-9257 (fax)
gil@gillamsmithlaw.com

*Attorney for Defendant Toshiba America, Inc.,*

Of Counsel:

Cravath, Swaine & Moore LLP
Keith R. Hummel
Amy H. Candido
825 Eighth Avenue
New York, NY 10019
(212) 474-1772 (phone)
(212) 474-3700 (fax)
khummel@cravath.com
acandido@cravath.com

*Attorney for Defendant International Business Machines Corporation*


Howrey Simon Arnold & White, LLP
Henry C. Bunsow
Denise De Mory
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4946 (phone)
(415) 848-4999 (fax)
bunsowh@howrey.com
demoryd@howrey.com

*Attorneys for Defendant Toshiba America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 4th day of November, 2004.

*[signature: Eric M. Albritton]*

_____
Eric M. Albritton