## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| COMPRESSION LABS, INC.,<br><br>                          Plaintiff,<br><br>     -against-<br><br>1. DELL INC.,<br>2. INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>3. TOSHIBA AMERICA, INC.,<br>4. TOSHIBA AMERICA CONSUMER PRODUCTS LLC,<br>5. TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br>6. TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.,<br><br>                         Defendants. | C. A. No. 2:04-CV-159-DF |

## MOTION OF TOSHIBA DEFENDANTS TO DISMISS PURSUANT TO RULE 12(b)(1) OR, IN THE ALTERNATIVE, TO TRANSFER

Defendants Toshiba America Consumer Products, L.L.C. ("TACP"), Toshiba America Information Systems, Inc. ("TAIS"), and Toshiba America Electronic Components, Inc. ("TAEC") (collectively, with Defendant Toshiba America, Inc. ("TAI"), the "Toshiba Defendants") hereby move this Court to dismiss the case brought against them by plaintiff Compression Labs, Inc. ("CLI") or, in the alternative, to transfer the case brought against them to the District of Delaware, where an earlier-filed declaratory judgment case brought by TACP is

[[NYLIT:2299271v5:4020W:11/04/04--04:20 p]]
DM_US\8073869.v1

pending.[1]  If the First Amended Complaint, filed on October 19, 2004, relates back to the date of

filing of the original Complaint in this action under Rule 15(c)(3) then, for reasons previously

briefed in this and other related cases, CLI lacks standing to bring this patent action (and, hence,

this Court lacks jurisdiction to hear this action).  If there is no relation back, however, an action

pending in the District of Delaware filed by TACP on July 2, 2004 is the first filed action,

thereby requiring the dismissal or transfer of this action in favor of the Delaware action.

A.    **As of April 22, 2004, the date of the original Complaint, CLI lacked standing to bring this suit by itself, and this Court therefore lacks jurisdiction.**

When CLI filed its complaint in this action, it was not the sole owner of the

patent-in-suit — General Instrument Corp. ("GI") was an owner of an undivided one-half interest

in the patent-in-suit.  CLI's decision not to join GI rendered this lawsuit defective as a matter of

substantive patent law.  See, e.g., Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 145, 1467 (Fed.

Cir. 1998) ("[a]n action for infringement must join as plaintiffs all co-owners"); Int'l. Nutrition

Co. v. Horphag Research Ltd., 247 F.3d 1324, 1331 (Fed. Cir. 2001) (holding that the right to

bring suit for patent infringement is governed by federal patent law, which requires all co-owners

to join as plaintiffs).

In an action for patent infringement, if the plaintiff lacks standing to sue as a

matter of substantive patent law, the court lacks jurisdiction.  See Rite-Hite Corp. v. Kelley Co.,

Inc., 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("The question of standing to sue [for patent

infringement] is a jurisdictional one"); Mentor H/S Inc. v. Med. Device Alliance, Inc., 240 F.3d

1016, 1019 (Fed. Cir. 2001) (raising the jurisdictional issue sue sponte and holding that the issue

---

[1] TAI, the parent company of TACP, TAIS, and TAEC, joins in the transfer portion of this motion.  TAI is a party to the pending motion to dismiss brought by the other defendants in this case, Dell and IBM.

of whether plaintiff "has sufficient rights in a patent to bring suit in its own name is jurisdictional and, therefore [cannot] be waived"). Crucially, jurisdictional defects in a patent case due to standing to sue cannot be cured after filing. <u>Gaia Technologies, Inc. v. Reconversion Technologies, Inc.</u>, 93 F.3d 774, 779 (Fed. Cir. 1996) (holding that a patent assignment executed after the plaintiff filed its infringement suit was insufficient "to confer standing on Gaia retroactively.").

Detailed arguments regarding this issue have been filed and fully briefed by the original Defendants in this action as part of their pending motion to dismiss, as well as by defendants in other related cases pending before this Court. TACP, TAIS, and TAEC adopt these arguments in full, and ask this Court to dismiss the case against them due to CLI's failure to join GI in this lawsuit.

**B.**    **As of October 19, 2004, the date of the First Amended Complaint, this case is the second-filed complaint regarding the Toshiba Defendants, requiring the dismissal or transfer of this action.**

CLI may argue that, as of October 19, 2004, the date the First Amended Complaint was filed, it was the sole owner of the patent-in-suit due to an October 6, 2004 assignment of GI's interest to CLI. While this may be the case,[2] if viewed as of October 19, 2004, CLI's suit against the Toshiba Defendants is the second-filed case regarding the patent-in-suit — on July 2, 2004, TACP joined Dell, IBM, and many of the defendants sued by CLI in related cases pending before this Court as a plaintiff in a declaratory judgment action filed in the District of Delaware. Therefore, even if the proper date at which to gauge the sufficiency of CLI's standing as to TACP, TAIS, and TAEC were October 19, 2004, this case would have to be

---

[2] The Toshiba Defendants do not take a position on whether the assignment by GI did, indeed, assign all right in the patent-in-suit to CLI because this issue is irrelevant for purposes of the present motion.

3

dismissed or transferred in favor of the first-filed Delaware action. E.g., Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 605 (5th Cir. 1999) ("Once the likelihood of a substantial overlap between the two suits has been demonstrated, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed. . . . [T]he proper course of action [is] for the court to transfer the case. . . .") (internal quotation marks and citations omitted).

Dated:  November 17, 2004

Respectfully submitted,

Harry L. Gillam, Jr.
Attorney-in-Charge
Texas State Bar No. 07921800
**GILLAM & SMITH,** LLP
110 South Bolivar, Suite 204
Marshall, Texas 75670
(903) 934-8450 (phone)
(903) 934-9257 (fax)
gil@gillamsmithlaw.com

Of Counsel:

**HOWREY SIMON ARNOLD & WHITE, LLP**
Henry C. Bunsow
Denise De Mory
525 Market Street
Suite 3600
San Francisco, CA 94105
(415) 848-4946 (phone)
(415) 848-4999 (fax)
bunsowh@howrey.com
demoryd@howrey.com

*Attorneys for Defendants Toshiba America, Inc.,*
*Toshiba America Consumer Products, LLC, Toshiba*
*America Information Systems, Inc., and Toshiba*
*America Electronic Components, Inc.*

4

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the _____/7_____ day of November, 2004.

HARRY L. GILLAM, JR.

5