

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMPRESSION LABS INCORPORATED | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NOS. |
| vs. | § | |
| | § | 2:04-CV-00159-DF |
| DELL INCORPORATED, ET AL | § | 2:04-CV-00294-DF |
| ACER AMERICA CORPORATION, ET AL | § | |
| | § | |
| Defendants. | § | |

## STIPULATION AND PROTECTIVE ORDER

The parties, by and through their respective counsel, having stipulated and agreed that an

order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the confidentiality of

documents and other information obtained in the course of discovery in this Action and Related

Actions (as defined herein), it is hereby ORDERED THAT:

1.    **SCOPE OF ORDER.**  This Stipulation and Protective Order includes in its scope

any documents, things and information (including all documents and tangible things as defined in

Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced,

disclosed or filed in the above-captioned litigation (the "Action") or any Related Action (as defined

in Paragraph 3(c)) by or on behalf of any party or non-party, voluntarily or involuntarily, whether

pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice,

and whether revealed in a document, deposition, a response to any type of written discovery, a

submission to the Court or otherwise ("Litigation Material").

2.    **USE OF LITIGATION MATERIAL GENERALLY.**  All non-public Litigation

Material shall be used solely for the purposes of preparation, trial and appeal of this Action or any

Dockets.Justia.com

Related Action, and for no other purpose, absent further order of the Court. However, nothing herein shall prevent or in any way limit disclosure, use or dissemination of any documents, things or information that are in the public domain.

3.    **DEFINITIONS.**

(a)    "Party" or "Parties" shall mean any or all parties to this Action.

(b)    "Producing Party" shall mean a Party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action or a Related Action, in response to requests for production of documents, interrogatories, requests for admission, depositions or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

(c)    "Receiving Party" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or involuntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action or a Related Action

(d)    "Related Action" or "Related Actions" shall mean any or all of the following actions: (i) *Compression Labs, Incorporated v. Agfa, et al.*, C.A. No. 2-04-CV-158 (E.D. Tex.); (ii) *Audiovox Corp., et al. v. Compression Labs Inc., et al.*, C.A. No. 04-CV-1293 (D. Del.); (iii) *Agfa Corp., et al. v. Compression Labs, Inc., et al.*, C.A. No. 04-818 (D. Del.); (iv) *Yahoo!, Inc. v. Compression Labs, Inc., et al.*, C.A. No. 04-918 (D. Del.); (v) *Sun Microsystems. Inc. v. Compression Labs., Inc.*, C. A. No. 04-03124 (N.D. Cal.); and (vi) *Google Inc. v. Compression Labs Inc., et al.*, C.A. No. 3:04-CV-03934 (N.D. Cal.).

(e)    "RESTRICTED INFORMATION" shall mean Litigation Material which reflects or contains any of the following: (i) confidential or proprietary technical or scientific information; (ii) confidential know-how; (iii) confidential, proprietary or sensitive business or financial information; (iv) product research and development information; (v) customer and supplier information; (vi) marketing strategies and information; (vii) strategic business information including without limitation business plans, manufacturing information, cost information or logistical information; (viii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; or (ix) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence.

(f)    "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION" shall mean Litigation Material which reflects or contains any of the following:  (i) licensing information, including without limitation license agreements and information regarding negotiations of such license agreements; (ii) technical specifications; (iii) trade secrets; (iv) confidential pricing and sales information; or (v) any information which affords Producing Party an actual or potential economic advantage over others.

4.    **NUMBERING.** All documents and things produced and/or copies of documents and things produced in discovery in this Action shall be given unique production numbers by the Producing Party.  Each Producing Party shall use a unique production number prefix to identify the Producing Party, as follows:[1]

---

[1] The production number prefixes assigned in the protective order entered by the Court in *Compression Labs, Incorporated v. Agfa, et al.*, C.A. No. 2-04-CV-158 (E.D. Tex.) are as follows:

| AGFA | Agfa Corporation |
|------|------------------|
| APP | Apple Computer, Incorporated |

| Prefix | Producing Party |
|--------|-----------------|
| CLI | Compression Labs, Incorporated |
| DELL | Dell Incorporated |
| IBM | International Business Machines Corporation |
| TAI | Toshiba America, Incorporated |
| TACP | Toshiba America Consumer Products, LLC |
| TAIS | Toshiba America Information Systems, Inc. |
| TAEC | Toshiba America Electronic Components, Inc. |
| ACER | Acer America Corporation |
| AC | AudioVox Corporation |

---

| | |
|--------|-----------------|
| AXIS | Axis Communications Incorporated |
| CAN | Cannon USA, Incorporated |
| CCC | Concord Camera Corporation |
| CLB | Creative Labs, Incorporated |
| EKC | Eastman Kodak Company |
| FPF | Fuji Photo Film U.S.A. |
| FCP | Fujitsu Computer Products of America |
| GATE | Gateway, Incorporated |
| HPC | Hewlett-Packard Company |
| JASC | JASC Software |
| JVC | JVC Americas Corporation |
| KWC | Kyocera Wireless Corporation |
| MECA | Matsushita Electric Corporation of America |
| MDE | Mitsubishi Digital Electronics America |
| OCE | Oce North America |
| ONK | Onkyo U.S.A. Corporation |
| PALM | PalmOne |
| PCC | Panasonic Communications Corporation of America |
| PMC | Panasonic Mobil Communications of America |
| RIC | Ricoh Corporation |
| RVDP | Riverdeep |
| SAV | Savin Corporation |
| THOM | Thomson |
| XRX | Xerox Corporation |

| ACC | AudioVox Communications Corporation |
| AEC | AudioVox Electronics Corporation |
| BANC | BancTec, Incorporated |
| BENQ | BenQ America Corporation |
| CDI | Color Dreams, Incorporated (dba StarDot Technologies) |
| GOOG | Google, Incorporated |
| SCAN | ScanSoft, Incorporated |
| SUN | Sun Microsystems, Incorporated |
| TIVO | TiVo, Incorporated |
| VEO | Veo, Incorporated |
| YAH | Yahoo!, Incorporated |

5.    **DESIGNATION OF DOCUMENTS OR OTHER LITIGATION MATERIAL.**

Any Party or non-party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as either:

(a)    RESTRICTED INFORMATION, by placing on each page and each thing to which the designation applies a legend substantially as follows: "RESTRICTED INFORMATION SUBJECT TO PROTECTIVE ORDER"; or

(b)    RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, by placing on each page and each thing to which the designation applies a legend substantially as follows: "RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER".

A Producing Party designating Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION must have a good faith belief that the Litigation Material meets the definition of RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION as set forth in Paragraphs 3(e) and 3(f), respectively. In the event the Producing Party elects to produce documents containing or reflecting RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION until designated otherwise at the time copies are delivered to Receiving Party.

6.    **USE OF RESTRICTED INFORMATION AND RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.**  RESTRICTED INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 7 herein, and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined in Paragraph 8 herein, except that RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 11 and 12. All RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be carefully maintained by the Receiving Party in secure facilities and access to such RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order.

7.    **QUALIFIED PERSONS.** QUALIFIED PERSONS as used herein shall include only the following:

(a)    a Receiving Party's outside litigation counsel of record and their regularly employed support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

(b)    personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this Action;

(c)    Qualified Consultants and Qualified Experts, as provided in Paragraph 10(b), and their regularly employed support personnel (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

(d)    the Court, its personnel, potential jurors, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

(e)    up to five (5) Qualified Employees, as provided in Paragraph 10(a) herein.

8.    **SPECIALLY QUALIFIED PERSONS.** SPECIALLY QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 7(a)-7(d).

9.    **AGREEMENT BY QUALIFIED AND SPECIALLY QUALIFIED PERSONS.**

(a)    Except as provided in Paragraphs 9(b) and 9(c), RESTRICTED INFORMATION shall not be made available to any QUALIFIED PERSON, as defined in Paragraph 7, nor shall RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION be made available to any SPECIALLY QUALIFIED PERSON, as defined in Paragraph 8, unless such QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON has first read this Stipulation and Protective Order and has

agreed in writing (i) to be bound by the terms hereof, (ii) to maintain the confidentiality of the information and not to use or disclose the information to anyone other than as provided herein, and (iii) to utilize such information solely for the purpose of this Action or a Related Action (as evidenced by signing an Agreement to Abide By Protective Order, in the form set forth in Exhibit A, B or C hereto, as appropriate).

(b)    Support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) need not sign an Agreement to Abide By Protective Order if their supervisors have done so. In addition, the assent to this Stipulation and Protective Order by counsel for a Party or non-party binds such counsel, his or her law firm, and support personnel employed by such law firm.

(c)    The Court and other individuals described in Paragraph 7(d) need not sign an Agreement to Abide by Protective Order.

(d)    Counsel for a Party obtaining an Agreement to Abide By Protective Order shall retain a copy of that Agreement during the course of this Action until this Action is terminated by judgment, dismissal or settlement.

(e)    In the event that any QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON ceases to engage in the litigation of this Action or a Related Action, access by such person to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be terminated. The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON.

10.    **APPROVAL OF PROPOSED QUALIFIED EMPLOYEES, QUALIFIED CONSULTANTS AND QUALIFIED EXPERTS.**

(a)    An employee of a Party shall become a Qualified Employee as to a particular Producing Party and may receive the RESTRICTED INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Employee has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement has been served on the Producing Party; and (iii) the Producing Party has approved of the proposed Qualified Employee pursuant to Paragraph 10(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Employee may receive the RESTRICTED INFORMATION of the Producing Party.

(b)    A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the firm attached hereto as Exhibit B; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae (including a list of any known present or former relationships or engagements between the proposed Qualified consultant or Qualified Expert and any Party or known competitor of a Party) have been served on the Producing Party; and (iii) the Producing Party has approved of the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 10(c), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Consultant or Qualified Expert may receive RESTRICTED INFORMATION and RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party.

(c)     A Producing Party shall have fourteen (14) calendar days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraphs 10(a) or 10(b), plus three (3) additional calendar days if service is made by mail, to object to a proposed Qualified Employee, Qualified Consultant or Qualified Expert. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to object within the period referenced in this Paragraph shall constitute approval. If a written notice of objection is served, no RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of the Producing Party shall be disclosed to the proposed Qualified Employee, Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

(d)     The Party seeking to disclose RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to the proposed Qualified Employee, Qualified Consultant or Qualified Expert bears the burden of seeking an order of the Court. The objecting Producing Party shall have the burden of demonstrating by a preponderance of the evidence why the proposed Qualified Employee, Qualified Consultant or Qualified Expert should not be permitted to receive RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

(e)     The failure of a Producing Parry to object to the receipt of its RESTRICTED INFORMATION and/or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 10(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's RESTRICTED INFORMATION and/or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

**STIPULATION AND PROTECTIVE ORDER**                                         **Page 10**

11.    **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS.**  Nothing herein shall prevent the disclosure of any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to any of the following:

(a)    any current employee of the Producing Party;

(b)    any current employee of the Receiving Party if the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION; or

(c)    any former employee of the Receiving Parry if the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION originated with, or was sent to, the former employee of the Receiving Party during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

12.    **LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT TRIAL OR AT DEPOSITION.**  RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may be made available, or the contents thereof disclosed, to witnesses testifying at trial or at deposition, or who provide an affidavit or certification, and their counsel, only if:

(a)    in the case of a document, it appears that the witness has previously seen or received the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copyee, or because the document comes from the files of the witness;

(b)    the lawyer disclosing such RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION has a reasonable, good-faith belief based upon the witness' testimony or the testimony of other witnesses that the witness had previous access to the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION;

(c)    the Producing Party agrees in writing that the, witness may have access to the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION for purposes of his or her testimony at trial and/or at deposition; or

(d)    the witness is employed by or affiliated with the Producing Party. If the basis of the disclosure is (a) or (b) above, then immediately after the disclosure, the lawyer disclosing such RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION must make an inquiry with respect to the witness' previous access to such information, and if it becomes apparent on such inquiry that the witness has not had previous access to the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, the item shall be withdrawn and no further inquiry regarding the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be permitted. Any witness testifying at trial or at deposition or who provides an affidavit or certification, or their counsel, who receives RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall not reveal or discuss the contents of that information to or with any person who is not entitled to receive such information pursuant to this Protective Order.

13.    **RELATED LITIGATION.**    Any QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON receiving RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under this Protective Order may discuss or exchange such information with any person who is entitled to see such information pursuant to a Protective Order

**STIPULATION AND PROTECTIVE ORDER**                                             **Page 12**

in a Related Action. This Paragraph shall not be construed as requiring any QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON to discuss or exchange RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION with any other person who is entitled to see such information pursuant to a Protective Order in a Related Action.

14.    **DESIGNATION OF DEPOSITION TESTIMONY.**  A Party or non-party may designate information disclosed during a deposition as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION by so indicating on the record at the deposition. A Party or non-party may also designate in writing, within thirty (30) calendar days of the receipt of the transcript (the "Designation Period"), that specific pages of the transcript be treated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION. Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION. When information contained or incorporated in a deposition transcript is designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, arrangements shall be made with the court reporter by the party making the designation to label the relevant pages RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, as the case may be.

15.    **ATTENDANCE AT DEPOSITIONS.**  During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may exclude from the room any person who is not a QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON, as appropriate under this Protective Order.

STIPULATION AND PROTECTIVE ORDER                                                    Page 13

16.    **FILING RESTRICTED INFORMATION AND RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.**    All Litigation Material that contains or refers to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION that is submitted to the Court shall be filed under seal and shall be maintained under seal by the Clerk of the Court until further order of the Court.    To assist the Clerk, all Litigation Material containing or referring to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be filed in the Clerk's Office in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption in this Action (or the title and docket number of this Action), an identification of the nature of the contents of such sealed envelope or container, and the words "SEALED -- RESTRICTED INFORMATION SUBJECT TO PROTECTIVE ORDER." To the extent feasible, the portion of such Litigation Material containing or referring to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be bound and filed separately from the remainder of the Litigation Material filed with the Court.

17.    **USE OF RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION AT TRIAL.** Nothing in this Protective Order shall prevent a Party from using any RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION at a hearing or at trial. The Parties may request that attendance at those portions of the hearing or trial, or access to the transcripts of those hearing or the trial, in which RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION is disclosed be restricted to court personnel and QUALIFIED PERSONS or SPECIALLY QUALIFIED PERSONS, as appropriate, pursuant with this Protective Order.

18.    **PROCEDURE FOR POST-PRODUCTION DESIGNATION.** At any time prior to the final pretrial conference in this Action, a Party may seek additional protection far previously produced Litigation Material by designating such Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, or changing the classification of any Litigation Material designated RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, by providing written notice to the recipients of such information, provided that no such recipient shall be bound by the terms of this Protective Order, or subject to liability for failure to comply with such terms, until receipt of such written notice. If Litigation Material was properly shown to a person who would not be entitled to see it as newly designated or re-designated, that person shall be advised that the Litigation Material has been designated or re-designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

19.    **PROCEDURE FOR OBJECTION TO DESIGNATION.**

(a)    At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or re-designation of any Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION by providing counsel for the designating party with written notice of the reasons for its objection. The designating party shall, within fourteen (14) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation. Within ten (10) calendar days thereafter, the parties shall confer in a good faith effort to resolve the matter. Failing such resolution, the designating party shall then have fourteen (14) calendar days from the final conference (the " Motion Period") to apply to the Court, on duly noticed motion, for a protective order.

STIPULATION AND PROTECTIVE ORDER                                   Page 15

(b)     Notwithstanding any objection to the designation of Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION, Litigation Material designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION shall be treated as such and be subject to the provisions hereof unless and until one of the following occurs: (i) the parry who designated the Litigation Material RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION changes or removes such designation in writing; (ii) the designating party fails to apply to the Court for a protective order before expiration of the Motion Period; or (iii) the Court orders the designating party to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as reclassified, that person shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose other than the litigation of this Action.

(c)     The designation of an item as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION may be challenged, among other reasons, because: (i) the information is or comes to be disclosed in a printed publication, (ii) the information is or comes to be generally publicly known, or (iii) the information is or comes to be otherwise known to the Parties without any breach of the confidentiality obligations hereunder. Any disclosure of RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under this Protective Order shall nor serve as a basis for challenging the RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION designation of the information in question.

(d)     In any motion challenging whether an item is properly designated RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL, ONLY INFORMATION, the

**STIPULATION AND PROTECTIVE ORDER**                                         **Page 16**

designating party has the burden of establishing that the item was properly designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

(e)     The failure of the Receiving Party to challenge the designation of any item as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

20.     **NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either return a signed copy of Exhibit C to the issuing party or notify the issuing party that the non-party is unwilling to sign Exhibit C.

21.     **AVAILABILITY TO NON-PARTIES.** Any non-party, whether an individual or entity, from whom discovery is sought may obtain the protection of thus Protective Order by signing a copy of Exhibit C to the Protective Order and thereby manifesting its express consent to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

22.     **NO WAIVER.**

(a)     Nothing in this Protective Order shall prejudice the right of any party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any parry to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

(b)    Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (ii) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this Action.

23.    **PARTIES' OWN INFORMATION.** Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things or information. Nor shall anything in this Protective Order prevent any Producing Party from disclosing its RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION to any person. Such disclosures shall not affect any designation of such documents as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

24.    **DISCLOSURES BEYOND PROTECTIVE ORDER.** Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the designating party consents to such disclosure; (ii) if the Court, after notice of all affected persons allows such disclosure; or (iii) if the party to whom RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the designating party and permits counsel for that party at least fourteen (14) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

25. **INADVERTENT PRODUCTION OF PRIVILEGED LITIGATION MATERIAL.** The inadvertent production of Litigation Material which a Parry or non-party later claims should not have been produced because of a privilege or discovery exemption, including but not limited to the attorney-client privilege, work product privilege or joint defense privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. A Party or non-party may request the return of any Inadvertently Produced Privileged Material. A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently produced and the basis for withholding such Litigation Material from production. If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in the custody of another party, such parry shall within five (5) business days return to the requesting Party or non-party the Inadvertently Produced Privileged Material and all copies thereof. The party or parties returning such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production. The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that (i) the Litigation Material was never privileged or otherwise immune from disclosure or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Litigation Material.

26. **INADVERTENT DISCLOSURE OF RESTRICTED INFORMATION OR RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.**

(a)    If any Litigation Material that a Patty or non-party intends to designate as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION

is inadvertently disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

(b)    If any Litigation Material designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION hereunder is disclosed, through inadvertence or otherwise, to a person or party other than a QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON, as the case may be, then the party inadvertently disclosing the information shall use its best efforts to bind such person or parry to the terms of thus Protecting Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by the disclosing party; (b) such person shall be identified immediately to the party that designated the Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION; and (c) the person to whom disclosure was made shall be requested to sign an Agreement to Abide By Protective Order in the form of Exhibit C hereto, which signed Agreement shall be served on the party that designated the Litigation Material as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION.

27.    **RETURN OR DESTRUCTION OF RESTRICTED INFORMATION AND RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION UPON CONCLUSION OF THIS ACTION.**

(a)    At the conclusion of this Action, each party subject to the terms of Protective Order shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing information designated as RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION within sixty (60) days of the conclusion of this Action, including notes made therefrom or summaries thereof. In lieu of returning Litigation Materials containing information designated as RESTRICTED INFORMATION or RESTRICTED

OUTSIDE COUNSEL ONLY INFORMATION, a party may destroy all such Litigation Material within sixty (60) days of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a reasonable and good faith effort to destroy such Litigation Material and that all such material has been destroyed to the best of its knowledge.

(b)    Notwithstanding Paragraph 27(a) Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION of another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendix on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of trial transcripts and accompanying exhibits.

28.    **SURVIVAL OF OBLIGATIONS.**

(a)    All the provisions of this Protective Order shall survive the conclusion of this Action and shall continue to be binding after the conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

(b)    "Conclusion of this Action" shall mean all appeal periods have expired and any settlement or judgment has become final.

(c)    For the purposes of enforcing this Protective Order and resolving disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons provided access to RESTRICTED INFORMATION or RESTRICTED OUTSIDE COUNSEL ONLY INFORMATION under the terms of this Protective Order.

29.    **VIOLATIONS SANCTIONABLE.** All persons bound by this Protective Order are hereby notified that if this Protective Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court on motion and after a hearing deems just.

30.    **RELIEF FROM PROTECTIVE ORDER.** Entry of this Protective Order shall be without prejudice to the application by any party or non-party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished or disclosed in the course of discovery in this Action. The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

Dated: Feb. 2, 2005

_____
United States District Judge David J. Folsom