OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking　　　　　　　　　　　　　　　　　　　　450 Golden Gate Avenue
　　Clerk　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94102
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　415.522.2000

24 February 2005

U.S. District Court
301 U.S. Courthouse
500 Stateline Avenue
Texarkana, Texas 75501

　　　　Re:　MDL -1606 – In re Compression labs, Inc., Patent Litigation

| Title of Case(s) | Your Case Number(s) |
|---|---|
| *Compression Labs, Inc. v. Adobe Systems Inc., et al.* | C.A. No. 2:04-0158 |
| *Compression Labs, Inc. v. Dell, Inc., et al.* | C.A. No. 2:04-0159 |
| *Compression Labs, Inc. v. Acer America Corp., et al.* | C.A. No. 2:04-0294 |

Dear Clerk:

　　Enclosed are certified copies of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled actions to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Phyllis J. Hamilton for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

　　Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Rufino Santos

If the cases are Electronic Case Filings, please provide us with a temporary log in and password to directly access your database so we may retrieve the PDF files of prior postings. We appreciate your prompt attention to this matter.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Sincerely yours,
　　　　　　　　　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk

　　　　　　　　　　　　　　　　　　　　　　　　　　　By: Rufino Santos
　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

Encl.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

24 February 2005

U.S. District Court
301 U.S. Courthouse
500 Stateline Avenue
Texarkana, Texas 75501

Re: MDL -1606 – In re Compression labs, Inc., Patent Litigation

| Title of Case(s) | Your Case Number(s) |
|---|---|
| *Compression Labs, Inc. v. Adobe Systems Inc., et al.* | C.A. No. 2:04-0158 |
| *Compression Labs, Inc. v. Dell, Inc., et al.* | C.A. No. 2:04-0159 |
| *Compression Labs, Inc. v. Acer America Corp., et al.* | C.A. No. 2:04-0294 |

Dear Clerk:

Enclosed are certified copies of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled actions to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Phyllis J. Hamilton for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Rufino Santos

If the cases are Electronic Case Filings, please provide us with a temporary log in and password to directly access your database so we may retrieve the PDF files of prior postings. We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

/s/

By: Rufino Santos
Deputy Clerk

Encl.

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1654*

FILED
FEB 2 4 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE COMPRESSION LABS, INC., PATENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of the eight actions listed on the attached Schedule A and pending in three districts as follows: three actions each in the District of Delaware and the Eastern District of Texas, and two actions in the Northern District of California. Now before the Panel is a motion, pursuant to 28 U.S.C. § 1407, for centralization of all actions in the Northern District of California or, in the alternative, the District of Delaware. Movants are three companies, Google Inc., Sun Microsystems, Inc., and Yahoo! Inc., that i) have each brought a separate action in this docket (two in the Northern District of California and one in the District of Delaware) and ii) are among the eleven defendants in the last-filed Eastern District of Texas action. Joining in support of 1407 centralization are 28 companies that are sued in one or the other of the three Texas actions (most of these companies are also among the 29 plaintiffs in the remaining two District of Delaware actions). These respondents agree that the Northern District of California would be a convenient forum for this litigation, but they also suggest that the District of Delaware would be an apt forum choice. Opposed to Section 1407 transfer are i) Compression Labs, Inc. (Compression), which is the holder of the patent at issue in this litigation, is the plaintiff in the Eastern District of Texas actions, and is a defendant in the remaining actions; ii) Compression's parent, and iii) General Instrument Corp., the onetime co-holder of the patent at issue. If the Panel nevertheless orders transfer over their objections, then these three parties would favor selection of the Eastern District of Texas as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All eight MDL-1654 actions involve the same complex patent, U.S. Patent No. 4,698,672, entitled "Coding System for Reducing Redundancy." In each action the parties dispute whether the patent is valid and whether it is infringed by products that use the "JPEG" international standard for compression of the digital still images that are used in a wide variety of electronic devices. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\*Judge Motz took no part in the disposition of this matter.

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Deputy Clerk
Date 2/24/05

- 2 -

Opposing parties have argued that Section 1407 transfer is unnecessary because i) there exists a prospect that the multidistrict character of this docket may be eliminated by court action on various motions currently pending in the involved districts; ii) it would be preferable to address any common matters through alternatives to Section 1407 transfer; and iii) transfer would be unduly burdensome. We are not persuaded by these contentions. While we applaud voluntary efforts to cooperate and coordinate among parties, counsel and courts, we observe that transfer under Section 1407 in this instance has the benefit of placing all actions in this docket, as well as any additional related actions that may be forthcoming, before a single transferee judge who can structure pretrial proceedings to ensure that pretrial discovery and rulings will occur in a manner that minimizes the risk of duplication or inconsistency and that thereby leads to the just and expeditious resolution of all actions to the overall benefit of those involved.

In concluding that the Northern District of California is an appropriate forum for this docket, we note that the California district, where two MDL-1654 constituent actions are already proceeding, is an easily accessible, metropolitan district that is well equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Phyllis J. Hamilton for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1654 -- In re Compression Labs, Inc., Patent Litigation</u>

    <u>Northern District of California</u>

*Sun Microsystems, Inc. v. Compression Labs, Inc.*, C.A. No. 3:04-3124
*Google, Inc. v. Compression Labs, Inc., et al.*, C.A. No. 4:04-3934

    <u>District of Delaware</u>

*Agfa Corp., et al. v. Compression Labs, Inc., et al.*, C.A. No. 1:04-818
*Yahoo! Inc. v. Compression Labs, Inc., et al.*, C.A. No. 1:04-918
*Audiovox Corp., et al. v. Compression Labs, Inc., et al.*, C.A. No. 1:04-1293

    <u>Eastern District of Texas</u>

*Compression Labs, Inc. v. Adobe Systems Inc., et al.*, C.A. No. 2:04-158
*Compression Labs, Inc. v. Dell, Inc., et al.*, C.A. No. 2:04-159
*Compression Labs, Inc. v. Acer America Corp., et al.*, C.A. No. 2:04-294